MINUTES OF THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

*Friendly House, et al  v. Whiting, et al*

THE HONORABLE JOHN W. SEDWICK                              2:10-cv-1061 JWS

PROCEEDINGS:          **ORDER FROM CHAMBERS**               June 18, 2010

At docket 47, the State of Arizona moves to intervene in this action which challenges the constitutionality of an Arizona statute, SB 1070.  The State has a right to intervene granted by 28 U.S.C. 2403(b), so its motion falls within Rule 24(a)(1) which applies where federal law gives a party an unconditional right to intervene.  The motion to intervene is not accompanied by a pleading "that sets out the claim or defense for which intervention is sought" as required by Rule 24(c).  The Ninth Circuit permits intervention without a pleading where the trial court is sufficiently apprised of the reason for intervention.  *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1185 (9th Cir. 2009) (pleading requirement may be overlooked where interest of intervenor is manifest); *Beckman Industries, Inc. v. International Ins. Co.*, 966 F.2d 470, 474-5 (9th Cir. 1992) (collecting and analyzing cases).  Here it is clear the State's interest is defending the validity of SB 1070.  Pursuant to Rule 24(a)(1) the motion at docket 47 is GRANTED.  The State of Arizona now has the status of a defendant in this action.

At docket 51, Governor Brewer moves to intervene pursuant to Rule 24(a)(2) (intervention of right) and alternatively Rule 24(b) (permissive intervention).  Intervention of right under Rule 24(a)(2) would be inappropriate were Governor Brewer's interest adequately represented by an existing party.  Her motion acknowledges the State's motion and her lawyer surely is aware of § 2403(b).  Yet, her motion papers do not address why her interests are not adequately represented by the State.  Governor Brewer has not shown that she is entitled to intervene as of right.

Rule 24(b)(2) permits a court to allow a government official charged with the administration of a statute to intervene after first considering whether intervention might delay or prejudice the rights of an original party.  Governor Brewer is responsible for the execution of SB 1070, and intervention at this early stage will not cause delay or prejudice.  Governor Brewer's motion is not accompanied by a pleading, but

-2-

compliance with Rule 24(c), is excused for the same reason the State's compliance was excused.  The motion at docket 51 is GRANTED pursuant to Rule 24(b).  Governor Brewer now has the status of a defendant in this action.