MARICOPA COUNTY
OFFICE OF SPECIAL LITIGATION SERVICES
By:     THOMAS P. LIDDY (019384)
        MARIA R. BRANDON (004249)
234 North Central Avenue, Suite 4400
Phoenix, Arizona  85004
Firm No. 00032007
Telephone No. (602) 372-3859
Facsimile No. (602) 506-1416
tliddy@mail.maricopa.gov
brandonm@mail.maricopa.gov

Attorneys for Defendants Arpaio, et al.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Friendly House, et al., | NO. CV 10-1061-PHX-MEA |
| Plaintiff, | **DEFENDANT SHERIFF JOSEPH M. ARPAIO'S MOTION TO DISMISS** |
| v. | |
| Michael B. Whiting, et al., | |
| Defendants. | |

Defendant Sheriff Arpaio hereby moves to dismiss the "Complaint for Declaratory and Injunctive Relief (Class Action)" filed herein, as follows:

The "Complaint for Declaratory and Injunctive Relief" should be dismissed in its entirety pursuant to Rule 12(b) (1) and (6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted and because Plaintiffs do not have standing to assert these claims.  The Plaintiffs have not alleged the real and immediate threat of harm from enforcement of SB 1070 that is required for a justiciable

case or controversy. Plaintiffs merely speculate in the abstract about potential future harm. As a matter of law, Plaintiffs have failed to establish a cognizable case or controversy.

Plaintiffs have failed to state a claim upon which relief can be granted. They summarily conclude that SB 1070 attempts to supersede federal law and that it violates the Equal Protection Clause; the First Amendment; the Fourth Amendment; Article II, Section 8 of the Arizona Constitution; the Civil Rights' Act, 42 U.S.C. §§1983 and 1981; the Due Process Clause of the Fourteenth Amendment; the Privileges and Immunities Clause of the U.S. Constitution, Art IV, §2, cl.1; and the right to travel. However, these allegations reflect a fundamental misunderstanding of SB 1070's provisions and of established law. SB 1070 does not conflict with federal law.

The constitutional challenges based upon 42 U.S.C.§1983 civil rights violations fail because they are premised solely upon the conduct of unidentified third parties and not upon any provisions in SB 1070.

For these reasons, the Sheriff of Maricopa County, Joseph Arpaio, requests that this Court dismiss Plaintiffs' Complaint.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1. THERE IS NO JUSTICIABLE CASE OR CONTROVERSY AND NO STANDING.**

Plaintiffs have failed to allege facts in their Complaint showing that they have suffered, or will suffer, either an actual or imminent injury that would give them standing to pursue their claims. Plaintiffs' Complaint cites to news reports and alleges

2

conclusions based on hearsay summarily. This is insufficient to meet pleading standards under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 9292 (2007); *Ashcroft v. Iqbal*, ---U.S.---, 129 S. Ct.1937, 173 L.Ed.2d 868 (2009).

  A declaratory judgment or injunction can issue only when the constitutional standing requirements of a case or controversy are met. *Natural Resources Defense Council, Inc. v. Watkins*, 954 F.2d 974 (4th Cir. 1992). In order to be judiciable and to have standing, Plaintiffs must have alleged such a personal stake in the outcome of the controversy as to warrant federal court jurisdiction and to justify exercise of the court's powers on their behalf. *Warth v. Seldin*, 422 U. S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). A party has standing to maintain a declaratory judgment action where an actual controversy is created and there are cognizable interests. The constitutional requirement of personal stake has two prongs: (1) the litigant must show that he has suffered an actual or threatened injury, an injury in fact; and (2) the litigant must demonstrate that the defendant's conduct caused the injury and that granting the relief requested likely would redress the injury. *Northeastern Florida Chapter of Associated General Contractors of America v. City of Jacksonville, Fla.*, 508 U.S. 656, 113 S.Ct. 2297, 124 L.Ed.2d 586 (1993). A personal stake in the outcome of the controversy assures that concrete adverseness which sharpens the presentation of issues upon which the court depends. *Baker v. Carr*, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962)

  Only those to whom the statute applies and who are adversely affected can question a statute's constitutional validity in declaratory judgment proceedings. *See Alabama State Federation of Labor, Local Union No. 103, United Broth. of Carpenters*

*and Joiners of America v. McAdory*, 325 U.S. 450, 65 S.Ct. 1384, 89 L.Ed. 1725 (1945); *Ward v. Utah*, 321 F.3d 1263 (10th Cir. 2003); *Nova Health Systems v. Gandy*, 416 F.3d 1149 (10th Cir. 2005) (Deterrent effect that declaratory relief against Oklahoma public officials responsible for overseeing state medical institutions would have on others seeking to sue abortion providers in reliance on Oklahoma statute making providers that perform abortions on minors without parental consent liable for post-abortion medical costs did not satisfy requirement for Article III standing in provider's action challenging statute's constitutionality.)

SB 1070 does not come into play until after there has been a lawful stop; the statute provides that first, there must be reasonable suspicion the person questioned is engaged in illegal activity of some sort. A.R.S. §11-1051(B). Yet Plaintiffs are, for the most part, racially-based or civil rights organizations, not associated by the common experience of illegal activity or lawful stops by police agencies, and would more properly be *amicus curiae* in this constitutional challenge than plaintiffs or real parties in interest. There is an underlying presumption in the Complaint that the members of certain racial and ethnic groups will be disproportionately impacted, but there is no sufficient factual basis alleged for this presumption.

Representational standing is allowed in declaratory judgment suits only where the association shows that its members have or will suffer immediate or threatened injury as a result of the challenged action; that the members could bring the same suit individually; and that the nature of the claim and relief requested do not require the individual participation of the injured parties for a proper resolution. *Warth, supra.*

4

Here, the members of the Plaintiff organizations are not the people potentially injured by SB 1070 since there is no showing that they would be any more likely than any other group to be engaged in an unlawful activity or to be the subject of an inquiry by a police agency under SB 1070.

## 2. THE CLAIMS ARE NOT RIPE FOR ADJUDICATION.

Plaintiffs have brought all seven counts of their Complaint under the Civil Rights' Act, 42 U.S.C. §1983. Section 1983 and the long line of case law construing this section require there to be a state actor who deprived a person of his civil rights. The civil rights must have been guaranteed to him by the U.S. Constitution or its Amendments:

> Every <u>person</u> who, <u>under color of any statute</u>, ordinance, regulation, custom, or usage, <u>of any State</u> or Territory or the District of Columbia, subjects, or <u>causes</u> to be subjected, <u>any</u> citizen of the United States or other <u>person</u> within the jurisdiction thereof to the <u>deprivation of any rights</u>, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, <u>except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.</u> For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.
> (*emphasis added*)

Here, no state actor has deprived a person of rights. No state actor has violated a declaratory decree. The Complaint is based entirely on projecting into the future and the possibility that future civil rights' deprivations might occur. Since civil rights' deprivation under color of state law have not occurred, and are not alleged to have occurred, there is a ripeness issue and this Complaint to the extent it purports to be based

5

1   on the Civil Rights' Act, 42 U.S.C.§1983, fails to state a claim upon which relief can be

2   granted. This case is not yet ripe for adjudication.  In the hysteria surrounding the

3   passage of SB 1070, the plaintiffs have put the cart before the horse.

4         The Court should decline to rule on the merits of the allegation that SB 1070 is

5   unconstitutional until such time as there is an actual case or controversy. *See United*

6   *Public Workers v. Mitchell,* 330 U.S. 75, 67 S. Ct. 556, 91 L.Ed.754 (1947) (where the

7   Supreme Court found the issues challenging the Hatch Act to be not ripe for adjudication

8   for all plaintiffs except for the one and only plaintiff who had actually violated the

9   provision and the rules under it. )

10        "A hypothetical threat is not enough." *Mitchell, supra*, 330 U.S.at 90. The Court

11  would have to speculate as to the kinds of activity the defendants here would engage in

12  that would result in violations. *Id* 330 U.S. at 89-91, 67 S.Ct. at 564-65.   The Court

13  needs to know the actual practices of enforcement, the "bare text" of an unenforced

14  statute does not show how it will be enforced. Scharph, "Judicial Review and the

15  Political Question: A Functional Analysis", 75 Yale L. J. 517, 531-532 (1966) citing

16  *Public Workers v. Mitchell*, 330 U. S. 75, 67 S. Ct. 556, 91 L. Ed. 754 (1947), and *Adler*

17  *v. Board of Education*, 342 U.S. 485, 72 S.Ct. 380, 96 L.Ed.517 (1952).

18        Until the controversy becomes focused rather than abstract, the Court cannot

19  weigh the positions of each party.  Prior to addressing these issues, the Court must know

20  the details of the actual police practices employed in the enforcement of SB 1070 by

21  each law enforcement agency in Arizona.

22        The balance of equities weighs heavily in favor of permitting the people of

1 Arizona, through their elected representatives in the legislative and executive branch to
2 enact and live under their own laws.  The Court, after receiving evidence on the actual
3 enforcement of the law should, to the extent possible, find a way to interpret the statute
4 in a way that minimizes the constitutional issue. *Alabama State Federation of Labor v.*
5 *McAdory,* 325 U.S. 450, 461, 65 S.Ct.1384, 1389, 89 L.Ed.1725 (1945). An actual
6 record may justify a narrow interpretation of its scope.  If the Court awaits an actual
7 controversy, some or all of the hypothetical constitutional problems may be eliminated.

8 Plaintiffs have failed to satisfy the requisite threshold for alleging actual cases or
9 controversies. U.S.C.A.Const.Art.III, §2, cl.1; *See also City of Los Angeles v. Lyons*, 461
10 U.S.95,101, 103 S.Ct.1660, 1665, 75 L.Ed.2d 675(1983). The federal courts do not have
11 unconditional authority to review the actions of the legislatures of the several states.
12 The power of the federal court is finite, as expressly limited by Article III of the United
13 States Constitution. *Valley Forge Christian College v. Americans United for the*
14 *Separation of Church and State, Inc,* 454 U.S. 464, 471, 102 S.Ct. 752,757-758, 70
15 L.Ed.2d.700 (1982).

16 It is premature for the Court to hear these speculative complaints; therefore, the
17 Court should decline to do so.

18 **3. <u>S.B. 1070 DOES NOT PREEMPT FEDERAL LAW.</u>**

19 The Doctrine of Preemption is only relevant when a state law conflicts with
20 federal law**.**  State laws that are harmonious with federal immigration law are not
21 preempted. *DeCanas v. Bica,* 424 U.S. 351,358, 96 S.Ct. 933,937-938, 47 L.Ed.2d 43
22 (1976). SB 1070 is modeled on the existing federal law.  The state statute does not

1  replace federal immigration law, but creates state law which mirrors the federal law, thus
2  enabling state and local law enforcement to assist federal law enforcement. SB 1070
3  expressly requires Arizona law enforcement officers to implement the new law "in a
4  manner consistent with federal laws regulating immigration . . . ." A.R.S. § 11-1051(L).
5  It is noteworthy that SB 1070 does not purport to authorize state and local law
6  enforcement with the power to deport illegal immigrants.

7  Application of the preemption should be reserved for use only against state laws
8  that conflict with federal law in areas of express federal jurisdiction. *DeCana, 424 U.S.*
9  *at* 358; s*ee also, In re Jose C.,* 198 P.3d 1087, 1097 (Cal. 2009), *cert. denied*, 129 S.Ct.
10 2804, 174 L.Ed.2d 301, 77 USLW 3678 (2009).   Arizona has enacted a law modeled on
11 federal immigration law, creating an environment of comity, not conflict.

12 It is noteworthy that SB 1070 does not purport to authorize state and local law
13 enforcement with the power to deport undocumented aliens.  SB 1070 does not conflict
14 with federal law; therefore, there is nothing to preempt. Plaintiff's broad attack on the
15 constitutionality of SB 1070 carries with it a heavy burden of persuasion, which they
16 have failed to meet.  "Given the fact that petitioners have advanced a broad attack on the
17 constitutionality of SEA 483, seeking relief that would invalidate the statute in all its
18 applications, they bear a heavy burden of persuasion." *Crawford v. Marion County*
19 *Election Bd.*, 553 U.S. 181,200, 128 S.Ct. 1610, 1621, 170 L.Ed.2d 574 (2008).   This
20 heavy burden cannot be met with a blank factual background of enforcement and outside
21 the context of any particular case. *Chicanos Por La Causa, Inc. Napolitano,* 558 F.3d
22 856, 861 (9th Cir.2009).  Plaintiffs come to this Court with speculative arguments, as no

1 complaints have yet been filed by individuals alleging actual harm caused by
2 enforcement of the Act, leaving this Court with no adequate basis in the record for
3 holding that the enforcement of the law creates a conflict with the federal immigration
4 regime as codified in 8 U.S.C. §§ 1252c(a), 1304(e) and 1357(g). [1]

5       The Doctrine of Preemption is only relevant when a state law conflicts with
6 federal law.  SB 1070 is modeled on the existing federal law.  The state statute does not
7 replace federal immigration law, but creates state law which mirrors the federal law, thus
8 enabling state and local law enforcement to meaningfully cooperate with federal law
9 enforcement.  Therefore, plaintiffs' claims for declaratory relief based on the application
10 of the Doctrine of preemption should be dismissed.

11 **4. DESIGNATION AS A "CLASS ACTION" IS NOT APPROPRIATE**

12       Designating this action as a "Class Action" is inappropriate. This is an action for
13 declaratory and injunctive relief and is an attack on the constitutionality of the statute
14 known as SB 1070.  Class action is inappropriate because if SB 1070 is declared
15 unconstitutional, it will be so for everyone, not just "class members."  Conversely, if the
16 law is constitutional, it will be so for everyone.  In any event, there is no way to
17 determine a "class" of members who would be affected by SB 1070, *i.e.,* who would be
18 a class member, who would be deterred from soliciting employment, and so on.

---

[1] Were Plaintiffs sincerely interested in challenging state and municipal statutes and regulations that conflict with federal immigration law, they would challenge the so-called "sanctuary city" resolutions whereby municipalities openly flaunt their disagreement with federal immigration laws which require visitors and immigrants to obtain federal permission to enter the United States and to keep documentation of his or her legal status on his or her person. *See* 8 U.S.C. §§ 1252c(a), 1304(e), and 1357(g). See also San Francisco Admin. Order 12H Secs. 1-6.

### 5. CONCLUSION

Plaintiffs feign to come before this Court attacking Arizona law to uphold the integrity of federal law, but in reality, it is federal law they oppose. They claim that federal law is "obsolete" and they want it changed in a "comprehensive" manner. Plaintiffs are within their rights to disagree with the federal law, but the proper forum for seeking the comprehensive change they desire is in the U.S. Congress, not the federal court. The Complaint which pretends that the Arizona Law, which is aligned with the federal law, conflicts with federal law is not only disingenuous, but also procedurally flawed. For the foregoing reasons, Sheriff Arpaio respectfully requests that the Court dismiss Plaintiffs' Complaint for Declaratory and Injunctive Relief.

RESPECTFULLY SUBMITTED this 18th day of June, 2010.

        MARICOPA COUNTY
        OFFICE OF SPECIAL LITIGATION SERVICES

        BY: /s/ Thomas P. Liddy
           THOMAS P. LIDDY
           MARIA R. BRANDON
           Attorneys for Defendant Arpaio

. . .

. . .

. . .

. . .

CERTIFICATE OF SERVICE

I hereby certify that on June 18th, 2010, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Honorable Mark E. Aspey
UNITED STATES DISTRICT COURT
123 North San Francisco Street, Suite 200
Flagstaff, Arizona 86001


*Attorneys for Plaintiffs*

Omar C. Jadwat, Esq.
Lucas Guttentag, Esq.
Tanaz Moghadam, Esq.
ACLU FOUNDATION IMMIGRANTS RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, New York 10004
*lguttentag@aclu.org*
*ojadwat@aclu.org*
*tmoghadam@aclu.org*

Linton Joaquin, Esq.
Karen C. Tumlin, Esq.
Nora A. Preciado, Esq.
Melissa S. Keaney, Esq.
Vivek Mittal, Esq.
Ghazal Tajmiri, Esq.
NATIONAL IMMIGRATION LAW CENTER
3435 Wilshire Boulevard, Suite 2850
Los Angeles, California 90010
*joaquin@nilc.org*
*keaney@nilc.org*
*tajmiri@nilc.org*
*vmittal@nilc.org*
*preciado@nilc.org*
*tumlin@nilc.org*

. . .

. . .

11

1  Thomas A. Saenz, Esq.
   Cynthia Valenzuela Dixon, Esq.
2  Victor Viramontes, Esq.
   Gladys Limon, Esq.
3  Nicholas D. Espiritu, Esq.
   MEXICAN AMERICAN LEGAL DEFENSE &
4     EDUCATION FUND
   634 South Spring Street, 11th Floor
5  Los Angeles, California  90014
   *cvalenzuela@maldef.org*
6  *nespiritu@maldef.org*
   *glimon@maldef.org*
7  *tsaenz@maldef.org*
   *Vviramontes@maldef.org*
8
   Daniel J. Pochoda, Esq.
9  Anne Lai, Esq.
   ACLU FOUNDATION OF ARIZONA
10 77 East Columbus Street, Suite 205
   Phoenix, Arizona  85012
11 *alai@acluaz.org*
   *dpochoda@acluaz.org*
12
   Nina Perales, Esq.
13 Ivan Espinoza-Madrigal, Esq.
   MEXICAN AMERICAN LEGAL DEFENSE & EDUCATION FUND
14 110 Broadway Street, Suite 300
   San Antonio, Texas  78205
15 *nperales@maldef.org*
   *iespinoza@maldef.org*
16
   Chris Newman, Esq.
17 Lisa Kung, Esq.
   NATIONAL DAY LABOR ORGANIZING NETWORK
18 675 South Park View Street, Suite B
   Los Angeles, California  90057
19 *kung@ndlon.org*
   *newman@ndlon.org*
20

21 . . .

22 . . .

1 | Daniel R. Ortega, Jr., Esq.
  | ROUSH MCCRACKEN GUERRERO
2 |     MILLER & ORTEGA
  | 1112 East Washington Street
3 | Phoenix, Arizona  85034-1010
  | danny@rmgmo.com
4 |
  | Cecillia D. Wang, Esq.
5 | Harini Raghupathi, Esq.
  | AMERICAN CIVIL LIBERTIES UNION
6 |     IMMIGRANTS RIGHTS PROJECT
  | 39 Drumm Street
7 | San Francisco, California 94111
  | hraghupathi@aclu.org
8 | cwang@aclu.org

9 | Connie Choi, Esq.
  | Carmina Ocampo, Esq.
10| Julie A. Su, Esq.
  | Ronald Lee, Esq.
11| Yungsuhn Park, Esq.
  | ASIAN PACIFIC AMERICAN LEGAL CENTER
12| 1145 Wilshire Boulevard, Suite 200
  | Los Angeles, California  90017
13| cchoi@apalc.org
  | jsu@apalc.org
14| rlee@advancingequality.org
  | ypark@apalc.org
15| cocampo@apalc.org

16| Laura D. Blackburne, Esq.
  | NATIONAL ASSOCIATION FOR THE
17| ADVANCEMENT OF COLORED PEOPLE
  | 4805 Mt. Hope Drive
18| Baltimore, Maryland  21215
  | lblackburne@naacpnet.org
19|

20  . . .

21  . . .

22  . . .

1  Bradley S. Phillips, Esq.
   Paul J. Watford , Esq.
2  Joseph J. Ybarra, Esq.
   Elisabeth J. Neubauer, Esq.
3  MUNGER TOLLES & OLSON LLP
   355 South Grand Avenue, 35th Floor
4  Los Angeles, California  90071-1560
   *brad.phillips@mto.com*
5  *paul.watford@mto.com*
   *joseph.ybarra@mto.com*
6  *elisabeth.neubauer@mto.com*

7  Susan T. Boyd, Esq.
   Yuval Miller, Esq.
8  MUNGER TOLLES & OLSON LLP
   560 Mission Street, 27th Floor
9  San Francisco, California 94105-2907
   *susan.boyd@mto.com*
10 *yuval.miller@mto.com*

11                      ***Attorneys for Defendants***

12 Mary R. O'Grady                    *Attorneys for proposed Defendant-*
   Solicitor General                  *Intervenor State of Arizona*
13 Christopher A. Munns
   Assistant Attorney General
14 Isaiah Fields
   Assistant Attorney General
15 Steven A. Lamar
   Assistant Attorney General
16 State of Arizona
   OFFICE OF THE ATTORNEY GENERAL
17 1275 West Washington Street
   Phoenix, Arizona  85007-2997
18 *Mary.OGrady@azag.gov*
   *Christopher.Munns@azag.gov*
19 *Isaiah.Fields@azag.gov*
   *Steven.Lamar@azag.gov*
20

21 . . .

22 . . .

14

| | | |
|---|---|---|
| 1 | John J. Bouma, Esq. | *Attorneys for proposed Defendant-* |
|   | Robert A. Henry, Esq. | *Intervenor Janice K. Brewer,* |
| 2 | Joseph G. Adams, Esq. | *Governor of The State of Arizona* |
|   | SNELL & WILMER, L.L.P. | |
| 3 | One Arizona Center | |
|   | 400 East Van Buren Avenue | |
| 4 | Phoenix, Arizona  85004-2202 | |
|   | jbouma@swlaw.com | |
| 5 | bhenry@swlaw.com | |
|   | jgadams@swlaw.com | |
| 6 | | |
|   | Joseph A. Kanefield, Esq. | *Attorneys for proposed Defendant-* |
| 7 | State of Arizona | *Intervenor Janice K. Brewer* |
|   | OFFICE OF THE GOVERNOR | *Governor of The State of Arizona* |
| 8 | 1700 West Washington, 9th Floor | |
|   | Phoenix, Arizona  85007 | |
| 9 | jkanefield@az.gov | |
|   | | |
| 10 | Lance B. Payette | *Attorneys for Defendants Bradley* |
|    | Deputy County Attorney | *Carlyon and Kelly Clark* |
| 11 | NAVAJO COUNTY ATTORNEY'S OFFICE | |
|    | P.O. Box 668 | |
| 12 | Holbrook, Arizona  86025-0668 | |
|    | Lance.Payette@NavajoCountyAZ.gov | |
| 13 | | |
|    | Jean E. Wilcox | *Attorney for Defendants Coconino* |
| 14 | Deputy County Attorney | *County Attorney David W. Rozema and* |
|    | COCONINO COUNTY ATTORNEY'S | *Coconino County Sheriff Bill Pribil* |
| 15 |   OFFICE | |
|    | 110 East Cherry Avenue | |
| 16 | Flagstaff, Arizona  86001-4627 | |
|    | jwilcox@coconino.az.gov | |
| 17 | | |
|    | Bruce P. White | *Attorneys for Defendant Maricopa* |
| 18 | Anne C. Longo | *County Attorney Richard M. Romley* |
|    | Deputy County Attorneys | |
| 19 | MARICOPA COUNTY ATTORNEY'S | |
|    |   OFFICE | |
| 20 | 222 North Central Avenue, Suite 1100 | |
|    | Phoenix, Arizona  85004-2206 | |
| 21 | ca-civilmailbox@mcao.maricopa.gov | |
|    | | |
| 22 | . . . | |

| | | |
|---|---|---|
| 1 | Michael W. McCarthy<br>Chief Deputy County Attorney | *Attorney for Defendants Greenlee*<br>*County Attorney Derek D. Rapier and* |
| 2 | GREENLEE COUNTY ATTORNEY'S<br>  OFFICE | *Greenlee County Sheriff Steven Tucker* |
| 3 | P.O. Box 1717<br>Clifton, Arizona  85533 | |
| 4 | mmcarthy@co.greenlee.az.us | |
| 5 | Jack H. Fields<br>Deputy County Attorney | *Attorney for Defendant Yavapai County*<br>*Attorney Sheila Polk and Yavapai* |
| 6 | YAVAPAI COUNTY ATTORNEY'S<br>  OFFICE | *County Sheriff Steve Waugh* |
| 7 | 255 East Gurley Street<br>Prescott, Arizona  86301 | |
| 8 | YCAO@co.yavapai.az.us | |
| 9 | Chris M. Roll<br>Joe A. Albo | *Attorneys for Defendants Pinal County*<br>*Attorney James P. Walsh and Pinal* |
| 10 | Deputy County Attorneys<br>PINAL COUNTY ATTORNEY'S OFFICE | *County Sheriff Paul Babeu* |
| 11 | P.O. Box 887<br>Florence, Arizona  85132 | |
| 12 | Chris.Roll@pinalcountyaz.gov<br>Joe.Albo@pinalcountyaz.gov | |
| 13 | | |
| 14 | George J. Romero<br>Deputy County Attorney<br>YUMA COUNTY ATTORNEY'S OFFICE | *Attorney for Defendants Yuma County*<br>*Attorney Jon A. Smith and Yuma County*<br>*Sheriff Ralph Ogden* |
| 15 | 250 West Second Street, Suite G<br>Yuma, Arizona  85364 | |
| 16 | George.Romero@yumacountyaz.gov | |
| 17 | Daniel Jurkowitz<br>Deputy County Attorney | *Attorney for Defendants Pima County*<br>*Attorney Barbara LaWall and Pima* |
| 18 | PIMA COUNTY ATTORNEY'S OFFICE<br>32 North Stone Avenue, Suite 2100 | *County  Sheriff Clarence W. Dupnik* |
| 19 | Tucson, Arizona  85701 | |
| 20 | . .. | |
| 21 | . . . | |
| 22 | . . . | |

| | | |
|---|---|---|
| 1 | R. Glenn Buckelew<br>Deputy County Attorney | *Attorney for Defendants La Paz County Attorney Sam Vederman and La Paz* |
| 2 | LA PAZ COUNTY ATTORNEY'S OFFICE<br>1008 Hopi Avenue | *County Sheriff Donald Lowery* |
| 3 | Parker, Arizona  85344<br>gbuckelew@co.la-paz.az.us | |
| 4 | | |
| 5 | Joseph D. Young<br>Deputy County Attorney | *Attorney for Defendants Apache County Attorney Michael B. Whiting and* |
| 6 | APACHE COUNTY ATTORNEY'S OFFICE<br>P.O. Box 637 | *Apache County Sheriff Joseph Dedman, Jr.* |
| 7 | St. Johns, Arizona  85936<br>jyoung@co.apache.az.us | |
| 8 | Sean Bodkin<br>Civil Deputy | *Attorney for Defendants Santa Cruz County Attorney George E. Silva and* |
| 9 | SANTA CRUZ COUNTY ATTORNEY'S<br>   OFFICE | *Santa Cruz County Sheriff Tony Estrada* |
| 10 | 2150 North Congress Drive, Suite 201<br>Nogales, Arizona  85621 | |
| 11 | | |
| 12 | Bryan B. Chambers<br>Chief Deputy County Attorney | *Attorneys for Defendants Gila County Attorney Daisy Flores and Gila County* |
| 13 | June Ava Floresque<br>Deputy County Attorney | *Sheriff John Armer* |
| 14 | GILA COUNTY ATTORNEY'S OFFICE<br>1400 East Ash Street | |
| 15 | Globe, Arizona  85501 | |
| 16 | Kenneth A. Angle<br>County Attorney | *Attorney for Defendants Graham Attorney Kenneth A. Angle and Graham* |
| 17 | GRAHAM COUNTY ATTORNEY'S OFFICE<br>800 West Main Street | *County Sheriff P.J. Allred* |
| 18 | Safford, Arizona  85546<br>kangle@graham.az.gov | |
| 19 | Robert A. Taylor<br>Deputy County Attorney | *Attorney for Defendants Mohave County Attorney Matthew J. Smith and* |
| 20 | MOHAVE COUNTY ATTORNEY'S OFFICE<br>P.O. Box 7000 | *Mohave County Sheriff Tom Sheahan* |
| 21 | Kingman, Arizona  86402-7000<br>robert.taylor@co.mohave.az.us | |
| 22 | | |

| | |
|---|---|
| Britt W. Hansen<br>Chief Civil Deputy County Attorney<br>COCHISE COUNTY ATTORNEY'S OFFICE<br>P.O. Drawer CA<br>Bisbee, Arizona  85603<br>CVAttymeo@cochise.az.gov | *Attorney for Defendants Cochise County Attorney Edward G. Rheinheimer and Cochise County Sheriff Larry Dever* |

## *Parties of Interest*

| | |
|---|---|
| Christopher B. DuPont, Esq.<br>TRAUTMAN DUPONT, P.L.C.<br>1726 North Seventh Street<br>Phoenix, Arizona  85006<br>dupontlaw@cox.net | *Attorney for Amicus Curiae LEGAL MOMENTUM for Firm of Manatt, Phelps & Phillips, L.L.P.* |
| Nicholas J. Enoch, Esq.<br>Jarrett J. Haskovec, Esq.<br>LUBIN & ENOCH, P.C.<br>349 North Fourth Avenue<br>Phoenix, Arizona  85003-1505<br>nicholas.enoch@azbar.org | *Attorneys for Amicus INTERNATIONAL LONGSHORE AND WAREHOUSE UNION* |
| Robert S. Remar, Esq.<br>Phil A. Thomas, Esq.<br>LEONARD CARDER, L.L.P.<br>1188 Franklin Street, Suite 201<br>San Francisco, California  94109<br>rremar@leonardcarder.com<br>pthomas@leonardcarder.com | *Attorneys for Amicus INTERNATIONAL LONGSHORE AND WAREHOUSE UNION* |
| Vikram K. Badrinath, Esq.<br>VIKRAM BADRINATH, P.C.<br>100 North Stone Avenue, Suite 302<br>Tucson, Arizona  85701-1514 | *Representative Counsel for Amicus Curiae, the American Immigration Lawyers Association* |
| David J. Euchner, Esq.<br>LAW OFFICES OF DAVID J. EUCHNER<br>33 North Stone Avenue, Suite 2100<br>Tucson, Arizona  85701-1415<br>loufidel@hotmail.com | *Attorney on behalf of Amicus Curiae Arizona Attorneys for Criminal Justice ("AACJ")* |

. . .

| | |
|---|---|
| Louis S. Fidel, Esq.<br>LAW OFFICES OF LOUIS S. FIDEL<br>33 North Stone Avenue, Suite 2100<br>Tucson, Arizona  85701-1415<br>deuchner@comcast.net | *Attorney on behalf of Amicus Curiae*<br>*Arizona Attorneys for Criminal Justice*<br>("AACJ") |
| Matthew H. Green, Esq.<br>LAW OFFICE OF MATTHEW H. GREEN<br>382 South Convent Avenue<br>Tucson, Arizona  85710<br>mgreenh@azbar.org | *Attorney on behalf of Amicus Curiae*<br>*Arizona Attorneys for Criminal Justice*<br>("AACJ") |
| Adam N. Bleier, Esq.<br>SHERICK & BLEIER, P.L.L.C.<br>222 North Court Avenue<br>Tucson, Arizona 85701<br>adam@sherickbleier.com | *Attorney on behalf of Amicus Curiae*<br>*Arizona Attorneys for Criminal Justice*<br>("AACJ") |

/s/ Tyna M. Garcia

S:\MATTERS\2010\Friendly House v. Whiting 10-0066\Pleadings\MTD 061810.docx