Linton Joaquin (admitted *pro hac vice*)
Karen C. Tumlin (admitted *pro hac vice*)
Nora A. Preciado (admitted *pro hac vice*)
Melissa S. Keaney (admitted *pro hac vice*)
Vivek Mittal (admitted *pro hac vice*)
Ghazal Tajmiri (admitted *pro hac vice*)
NATIONAL IMMIGRATION LAW CENTER
3435 Wilshire Boulevard, Suite 2850
Los Angeles, California 90010
Telephone: (213) 639-3900
Facsimile: (213) 639-3911
*joaquin@nilc.org*
*tumlin@nilc.org*
*preciado@nilc.org*
*keaney@nilc.org*
*mittal@nilc.org*
*tajmiri@nilc.org*

*Attorneys for Plaintiffs*

*Application for admission *pro hac vice* forthcoming

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Friendly House; *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Michael B. Whiting, *et al.*, <br><br> Defendants. | CASE NO. CV-10-01061-MEA <br><br> **DECLARATION OF GEORGE GASCÓN** |

# DECLARATION OF GEORGE GASCÓN

I, GEORGE GASCÓN, hereby declare:

I make this declaration based on my own personal knowledge and if called to testify I could and would do so competently as follows:

1. I am currently the Chief of the San Francisco Police Department. I assumed this position on August 7, 2009.
2. Prior to assuming the role of Police Chief of San Francisco, I was the Chief of the Mesa Police Department in Mesa, Arizona for 3 years. Before that, I served as a member of the Los Angeles Police Department for 28 years, beginning as a patrol officer and working my way up through the ranks to Assistant Police Chief. I held the position of Assistant Police Chief for Los Angeles for approximately 4 years.
3. I currently sit on the Board of Directors of the following professional organizations, including the Police Executive Research Forum, the Council of State Governments' Justice Center, and the California Peace Officers' Memorial Foundation.
4. I received a Juris Doctor Degree from Western State University, College of Law and I am currently an active member of the California State Bar.
5. Additionally, I am a graduate of the FBI's National Executive Institute and a member of the Harvard University Kennedy School of Government's Executive Session on Policing and Public Safety.
6. I have published articles on the subject of police accountability, community policing, police training, and hiring practices.
7. I have read and reviewed Arizona's new law, SB1070 and the amendments to it in HB 2162.
8. Based on over 30 years of law enforcement experience, both as a police officer and as a police chief, and in particular my experience as a former Arizona law enforcement official, I have 3 major areas of concern with regard to SB1070 as amended.

- 1 -

9. First, SB1070 will threaten public safety because it will cause immigrant communities to distrust the police. This law will further alienate immigrant and minority communities from law enforcement agencies and officers in Arizona. As a result, victims of crimes, such as domestic violence, will be reluctant to contact the police because of fear that such contact will lead to investigations into the immigration status of the victim, her family members, neighbors, or other persons close to the victim, perhaps leading to detention and deportation.

10. The alienation between police and communities that will result from SB1070 will occur not only where the victim of the crime is undocumented but also in a great many other cases, because many households and communities are made up of individuals with varying immigration status, and include at least one individual who is a U.S. citizen or who has legal immigration status. Therefore out of fear of deportation of a family member or neighbor, even many victims of crimes who are in legal immigration status will decide not to contact the police.

11. This problem with SB 1070 was not cured by the language in the law that relieves officers of the duty to inquire into immigration status if such inquiry would hinder or obstruct an investigation. Quite simply, the law sends an overriding message to immigrant communities to avoid law enforcement officers because they will be inquiring about immigration status, and minor nuances and exceptions in the law's language will not affect this message. As a result, police investigations will be impeded because community members simply will not report information regarding crimes.

12. The resulting harm to public safety will not only impact immigrant communities, but all communities in the state of Arizona because it creates a vacuum in law enforcement. This will embolden the criminal element because they will have less reason to be concerned about being reported by victims or witnesses in immigrant communities, and less reason to fear any consequences for criminal conduct.

13. The second issue I see with SB1070 is that it creates a resource allocation problem. Police departments in Arizona, already spread thinly and underfunded, now have an added responsibility – to enforce federal immigration law.

14. Enforcement of SB1070 diverts resources from the primary mission of ensuring public safety and requires that police undertake the complicated task of checking for federal immigration status. This is simply not something police officers are trained to do. Moreover, police officers cannot take on immigration enforcement without taking substantial time away from priorities that are more central to a local law enforcement agency, such as investigating and preventing violent crimes and property crimes.

15. SB1070 also gives a right to sue to anyone who believes that a particular police department is not vigorously enforcing federal immigration law. To avoid lawsuits, police departments will likely expend significant time, money and other resources to head off the filing of these lawsuits and defending against claimed failures to take appropriate actions.

16. This puts police departments and individual police officers in a difficult position. There is pressure on one end from communities who want the police to enforce this law and engage in immigration enforcement. But there is a lack of understanding on the part of the general public about how difficult it would be to enforce this law and how it would limit their police force's ability to protect them from crime.

17. The third problem with SB 1070 from a law enforcement perspective is that it is likely to lead to constitutional violations.

18. The criminal provisions of SB 1070 cannot be enforced in a race-neutral manner. When police officers attempt to determine whether an individual they encounter on patrol is in the United States illegally, as SB 1070 requires, they inevitably will rely upon race and ethnicity as factors in establishing reasonable suspicion to investigate potential violations of SB 1070. As a practical matter, the language in SB 1070, as amended, prohibiting consideration of race, color or national origin, will not prevent the improper use of race or ethnicity. Short of directly observing

  an individual actually crossing the border in a surreptitious way, there are not reliable indicia that would give rise to a reasonable suspicion to believe that a person is unlawfully in the United States.

19. If SB 1070 goes into effect, there will be a greater incidence of pretextual stops of individuals of color in Arizona as officers will use pretextual reasons to stop or question individuals they believe to be here illegally. If an officer is motivated by race or ethnicity he/she can easily find a valid pretext for encountering an individual, whether by following a car until a minor traffic violation occurs or by approaching a pedestrian for "consensual" questioning.

20. As amended, SB 1070 will permit disparate treatment of Latinos and other persons of color. For example, when police receive a complaint about excessive noise by a neighbor, they will be more likely to interrogate residents of the home about their immigration status if they are Latino than if they are white.

21. Such disparities in law enforcement based on race and ethnicity also will lead to potential legal liabilities for the police department.

22. In my opinion, SB 1070 is extremely harmful for local police departments. It undermines public safety by causing communities to distrust the police, diverts resources from the goal of ensuring public safety, and will likely lead to racial profiling. Also, it will subject local agencies to litigation.

I declare under penalty of perjury of the laws that the foregoing is true and correct. Executed this 28th day of May 2010 in San Francisco, CA.

              _____
              Chief George Gascón

# CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2010, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and transmittal of a Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| Mary R. O'Grady<br>Solicitor General<br>Christopher A. Munns<br>Assistant Attorney General<br>1275 West Washington Street<br>Phoenix, Arizona 85007-2997<br>Telephone: (602) 542-3333<br>Mary.OGrady@azag.gov<br>Christopher.Munns@azag.gov | *Attorneys for proposed Defendant-Intervenor State of Arizona* |
| Steven A. LaMar<br>Senior Litigation Counsel<br>Isaiah Fields<br>Assistant Attorney General<br>1275 West Washington Street<br>Phoenix, Arizona 85007<br>Telephone: (602) 542-7645<br>Steven.Lamar@azag.gov<br>Isaiah.Fields@azag.gov | *Attorneys for proposed Defendant-Intervenor State of Arizona* |
| John J. Bouma (#001358)<br>Robert A. Henry (#015104)<br>Joseph G. Adams (#018210)<br>SNELL & WILMER L.L.P.<br>One Arizona Center<br>400 E. Van Buren<br>Phoenix, AZ 85004-2202<br>Phone: (602) 382-6000<br>Fax: (602) 382-6070<br>jbouma@swlaw.com<br>bhenry@swlaw.com<br>jgadams@swlaw.com | *Attorneys for proposed Defendant-Intervenor Janice K. Brewer, Governor of The State of Arizona* |
| Joseph A. Kanefield (#015838)<br>Office of Governor Janice K. Brewer<br>1700 W. Washington, 9th Floor<br>Phoenix, AZ 85007<br>Telephone: (602) 542-1586<br>Fax: (602) 542-7602<br>jkanefield@az.gov | *Attorneys for proposed Defendant-Intervenor Janice K. Brewer, Governor of The State of Arizona* |

| | | |
|---|---|---|
| 1 | Lance B. Payette<br>Deputy County Attorney<br>Navajo County Attorney's Office<br>P. 0. Box 668<br>Holbrook, AZ 86025-0668<br>Telephone: (928) 524-4002<br>Lance.Payette@NavajoCountyAZ.gov | *Attorneys for Defendants Bradley Carlyon and Kelly Clark* |
| 5 | Jean E. Wilcox<br>Deputy County Attorney<br>110 E. Cherry Avenue<br>Flagstaff, AZ 86001-4627<br>Telephone: (928) 679-8200<br>Fax: (928) 679-8201<br>jwilcox@coconino.az.gov | *Attorneys for Defendants Coconino County Attorney and Coconino County Sheriff* |
| 9 | Bruce P. White<br>Anne C. Longo<br>Deputy County Attorneys<br>CIVIL DIVISION<br>Security Center Building<br>222 North Central Avenue, Suite 1100<br>Phoenix, AZ 85004-2206<br>Telephone: (602) 506-8541<br>ca-civilmailbox@mcao.maricopa.gov | *Attorneys for Defendant Richard M. Romley, Maricopa County Attorney* |
| 14 | Michael W. McCarthy<br>Chief Deputy County Attorney<br>P.O. Box 1717<br>Clifton, AZ 85533<br>Telephone: (928) 865-4108<br>Fax: (928) 865-4665<br>mmccarthy@co.greenlee.az.us | *Attorneys for Defendant Derek Rapier, Greenlee County Attorney; Steven Tucker, Greenlee County Sheriff* |
| 19 | Jack H. Fields<br>Deputy Yavapai County Attorney<br>Yavapai County Attorney's Office<br>255 E. Gurley Street<br>Prescott, AZ 86301<br>Telephone: (928) 777-7131<br>YCAO@co.yavapai.az.us | *Attorneys Defendants Sheila Polk, Yavapai County Attorney; Steve Waugh Yavapai County Sheriff* |
| 23 | Chris M. Roll<br>Chief Civil Attorney<br>Joe Albo<br>Deputy County Attorney<br>P.O. Box 887<br>Florence, AZ 85132<br>Telephone: (520) 866-6242<br>Fax: (520) 866-6521<br>Chris.Roll@pinalcountyaz.gov<br>Joe.Albo@pinalcountyaz.gov | *Attorneys for Defendants James P. Walsh, Pinal County Attorney; Paul Babeu, Pinal County Sheriff* |

| | | |
|---|---|---|
| 1 | George J. Romero | *Attorneys for Defendants Jon A. Smith, Yuma County Attorney; Ralph Ogden, Yuma County Sheriff* |
| 2 | Office of the Yuma County Attorney Civil Division | |
| 3 | 250 W. 2nd Street, Suite G | |
| 4 | Yuma, Arizona, AZ 85364 Telephone: (928) 817-4300 | |
| 5 | YCAttyCivil@yumacountyaz.gov | |
| 6 | Daniel Jurkowitz | *Attorneys for Defendants Pima County Attorney Barbara LaWall; Pima County Sheriff Clarence W. Dupnik* |
| 7 | Deputy County Attorney 32 North Stone Avenue, Suite 2100 | |
| 8 | Tucson, AZ 95701 | |
| 9 | Telephone: (520) 740-5750 Fax: (520) 620-6556 | |
| 10 | Daniel.Jurkowitz@pcao.pima.gov | |
| 11 | Thomas P. Liddy | *Attorneys for Defendant Sheriff Joseph M. Arpaio* |
| 12 | Maria R. Brandon Maricopa County | |
| 13 | Office of Special Litigation Services | |
| 14 | 234 North Central Avenue, Suite 4400 Phoenix, AZ 85004 | |
| 15 | Telephone: (602) 372-3859 | |
| 16 | Fax: (602) 506-1416 tliddy@mail.maricopa.gov | |
| 17 | brandonm@mail.maricopa.gov | |
| 18 | R. Glenn Buckelew | *Attorneys for Defendants Sam Vederman, La Paz County Attorney; Donald Lowery, La Paz County Sheriff* |
| 19 | Deputy La Paz County Attorney CIVIL DIVISION | |
| 20 | 1008 Hopi Avenue Parker, AZ 85344 | |
| 21 | Telephone: (928) 669-6469 | |
| 22 | gbuckelew@co.la-paz.az.us | |
| 23 | Joseph D. Young | *Attorneys for Defendants Michael B. Whiting, Apache County Attorney, in his official capacity; and Joseph Dedman, Jr., Apache County Sheriff, in his official capacity* |
| 24 | Apache County Attorney's Office P.O. Box 637 | |
| 25 | St. Johns, AZ 85936 | |
| 26 | Telephone: (928) 337-7560 jyoung@co.apache.az.us | |
| 27 | | |
| 28 | | |

| | |
|---|---|
| Christopher B. Dupont<br>Trautman Dupont PLC<br>1726 North Seventh Street<br>Phoenix, AZ 85006<br>Telephone: (602) 344-0038<br>Fax: (602) 374-2913<br>dupontlaw@cox.net | *Attorneys for Amicus Curiae Legal Momentum* |
| Joanna S. McCallum<br>Gregory N. Pimstone<br>Ronald G. Blum<br>Lydia Mendoza<br>Sirena Castillo<br>Manatt, Phelps & Phillips, LLP<br>11355 W. Olympic Boulevard<br>Los Angeles, CA 90064<br>Telephone: (310) 312-4000<br>Fax: (310) 312-4224<br>jmccallum@manatt.com<br>gpimstone@manatt.com<br>rblum@manatt.com<br>lmendoza@manatt.com<br>scastillo@manatt.com | *Attorneys for Amicus Curiae Legal Momentum* |

I hereby certify that on June 14, 2010, I served the attached document by U.S. Mail on the following, who are not registered participants of the CM/ECF System:

| | |
|---|---|
| Mr. Kenny Angle<br>Graham County Attorney<br>800 West Main Street<br>Safford, AZ 85546 | Mr. Preston Allred<br>c/o Legal Liaison<br>Graham County Sheriff<br>523 10th Avenue<br>Safford, AZ 85546 |
| Mr. John R. Armer<br>c/o Legal Liaison<br>Gila County Sheriff<br>1400 East Ash Street<br>Globe, AZ 85501 | Mr. Larry A. Dever<br>c/o Legal Liaison<br>Cochise County Sheriff<br>205 North Judd Drive<br>Bisbee, AZ 85603 |
| Ms. Daisy Flores<br>Gila County Attorney<br>1400 East Ash Street<br>Globe, AZ 85501 | Mr. Tony Estrada<br>c/o Legal Liaison<br>Santa Cruz County Sheriff<br>1250 N. Hohokam Drive<br>Nogales, AZ 85621 |

| | | |
|---|---|---|
| 1 | Mr. Tom Sheahan<br>c/o Legal Liaison<br>Mohave County Sheriff<br>600 W. Beale Street<br>Kingman, AZ 86402 | Mr. Edward G. Rheinheimer<br>Cochise County Attorney<br>150 Quality Hill Road, 2nd Floor<br>Bisbee, AZ 85603 |
| 4 | Mr. Matthew J. Smith<br>Mohave County Attorney<br>315 North 4th Street<br>Kingman, AZ 86401 | Mr. George Silva<br>Santa Cruz County Attorney<br>2150 North Congress Drive, Suite 201<br>Nogales, AZ 85621 |

/s/Robyn E. Bird
    Robyn E. Bird