Linton Joaquin (admitted *pro hac vice*)
Karen C. Tumlin (admitted *pro hac vice*)
Nora A. Preciado (admitted *pro hac vice*)
Melissa S. Keaney (admitted *pro hac vice*)
Vivek Mittal (admitted *pro hac vice*)
Ghazal Tajmiri (admitted *pro hac vice*)
NATIONAL IMMIGRATION LAW CENTER
3435 Wilshire Boulevard, Suite 2850
Los Angeles, California 90010
Telephone: (213) 639-3900
Facsimile: (213) 639-3911
*joaquin@nilc.org*
*tumlin@nilc.org*
*preciado@nilc.org*
*keaney@nilc.org*
*mittal@nilc.org*
*tajmiri@nilc.org*

*Attorneys for Plaintiffs*

*Application for admission *pro hac vice* forthcoming

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Friendly House; *et al.*, | CASE NO. CV-10-01061-MEA |
| Plaintiffs, | |
| v. | **DECLARATION OF EDUARDO GONZALEZ** |
| Michael B. Whiting, *et al.*, | |
| Defendants. | |

# DECLARATION OF EDUARDO GONZALEZ

I, EDUARDO GONZALEZ, hereby declare:

I make this declaration based on my own personal knowledge and if called to testify I could and would do so competently as follows:

1. I began my law enforcement career with the Miami-Dade Police Department in Miami, Florida in 1965. In 1986, I was appointed Deputy Director of the Department, a position which I held until 1992.

2. In 1992, I was appointed Chief of Police for the City of Tampa Police Department, Tampa, Florida, a position I held until 1993.

3. In 1993, I was appointed by President William J. Clinton as Director of the United States Marshals Service. I served in this position until my retirement in 1999.

4. I hold an Associate Degree in Police Science, a Bachelor's degree in Criminal Justice and am a graduate of the FBI's National Executive Institute, the FBI National Academy and the Senior Management Institute for Police.

5. I have served for four years as a Commissioner with the Commission on Accreditation for Law Enforcement Agencies.

6. Based on my leadership and experience in law enforcement, I have served on several occasions as an independent monitor of Memorandums of Understanding (MOUs) or Consent Judgments (CJs) between the Department of Justice and local jurisdictions. In these positions, I have been responsible for overseeing compliance with the MOUs or CJs and have provided opinions regarding whether the jurisdictions have come into compliance with the requirements.

7. In March 2004, I was contracted by the Alexandria Group of MPRI to serve as the Independent Monitor for a Memorandum of Agreement between the

Prince Georges County Police Department and the United States Department of Justice (DOJ).

8. The duties and responsibilities of that position included enforcement of the terms of the agreement through quarterly site visits, meeting with both parties on a monthly basis to resolve areas of concern, issuing a quarterly report detailing Prince George's County progress or lack thereof, and providing technical assistance as required. The monitoring was successfully concluded in January of 2009.

9. In November, 2009, I joined the monitoring team enforcing two Consent Judgments in the City of Detroit, one for use of force and one related to corrections.

10. I have read Arizona's Senate Bill 1070 (SB 1070) and the amendments to it in HB 2162.

11. Based on my extensive experience in law enforcement, specifically as a police chief and independent monitor, I have several concerns with SB 1070.

12. First, SB 1070 undermines public safety. SB 1070 forces local law enforcement to become involved in immigration enforcement. As a result, victims and witnesses of crime will be too afraid to report crimes to the police based on concerns that contact with law enforcement could result in investigations into the immigration status of victims, witnesses, or their family members or neighbors, and ultimately to their detention.

13. This distrust of law enforcement will be created whether or not community members have legal status, both because immigrant families and communities are typically made up of both those with lawful status and those without, and also because the countries from which many of these immigrants originate have a history of abusive police practices. It takes considerable effort and time for police officers to gain the trust of these

communities and it is very troubling to see a law such as SB 1070 that will so clearly result in erosion of this trust.

14. Additionally, public safety will be negatively impacted by implementation of SB 1070 because it causes diversion of critical and already strained police resources away from the task of pursuing serious and violent crimes into the complicated and vague task of enforcing immigration laws.

15. The law puts police officers in an untenable situation because it requires that they enforce immigration laws to the fullest extent permitted by federal law or risk being sued. SB 1070 divests local officers of the discretion to determine how best to ensure the safety of the community and retain the trust of the immigrant population by mandating that they enforce immigration laws.

16. Furthermore, SB 1070 does not give sufficient tools to allow police officers to enforce its provisions without coming into conflict with established constitutional protections, such as the protection against unlawful detention and racial profiling. In order to enforce the provisions of SB 1070, including the requirement to investigate immigration status of those "reasonably suspected" of being "unlawfully present," officers will unquestionably resort to using racial and ethnic factors to determine who to investigate. The simple fact is that there are no sound ways for police officers to tell whether someone has lawful immigration status simply by observation.

17. The law purports to address the risk of racial profiling by requiring officers be trained on what constitutes "reasonable suspicion" of "unlawful status". However, based on my 34 years of law enforcement experience, I believe it will be extremely difficult to construct a training program for enforcement of SB 1070 that will successfully prevent officers from resorting to using racial and ethnic appearance to form the requisite suspicion.

18. Additionally, I am concerned that enforcement of SB 1070 could result in an increase in the confrontations between officers and community members, resulting in officers having to use more force to effect arrest and/or detention. By turning local police into immigration investigators and enforcers, with a threat of possible lawsuits for failing to enforce SB 1070, local law enforcement officers are forced to constantly question members of the targeted communities. This creates fear and increases tensions between the police and the targeted community. The natural outgrowth of this tension is an increase in confrontations, resulting in an increase in the police use of force.

19. In my opinion, SB 1070 is a dangerous law that will cause far more harm than it is worth. It will divert precious police resources away from fighting crime, create rampant distrust of police in immigrant communities, and lead to unlawful racial and ethnic profiling.

I declare under penalty of perjury of the laws that the foregoing is true and correct. Executed this 28 day of May 2010 in Miami, Florida.

Eduardo Gonzalez

- 4 -

# CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2010, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and transmittal of a Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| Mary R. O'Grady<br>Solicitor General<br>Christopher A. Munns<br>Assistant Attorney General<br>1275 West Washington Street<br>Phoenix, Arizona 85007-2997<br>Telephone: (602) 542-3333<br>Mary.OGrady@azag.gov<br>Christopher.Munns@azag.gov | *Attorneys for proposed Defendant-Intervenor State of Arizona* |
| Steven A. LaMar<br>Senior Litigation Counsel<br>Isaiah Fields<br>Assistant Attorney General<br>1275 West Washington Street<br>Phoenix, Arizona 85007<br>Telephone: (602) 542-7645<br>Steven.Lamar@azag.gov<br>Isaiah.Fields@azag.gov | *Attorneys for proposed Defendant-Intervenor State of Arizona* |
| John J. Bouma (#001358)<br>Robert A. Henry (#015104)<br>Joseph G. Adams (#018210)<br>SNELL & WILMER L.L.P.<br>One Arizona Center<br>400 E. Van Buren<br>Phoenix, AZ 85004-2202<br>Phone: (602) 382-6000<br>Fax: (602) 382-6070<br>jbouma@swlaw.com<br>bhenry@swlaw.com<br>jgadams@swlaw.com | *Attorneys for proposed Defendant-Intervenor Janice K. Brewer, Governor of The State of Arizona* |
| Joseph A. Kanefield (#015838)<br>Office of Governor Janice K. Brewer<br>1700 W. Washington, 9th Floor<br>Phoenix, AZ 85007<br>Telephone: (602) 542-1586<br>Fax: (602) 542-7602<br>jkanefield@az.gov | *Attorneys for proposed Defendant-Intervenor Janice K. Brewer, Governor of The State of Arizona* |

| | | |
|---|---|---|
| 1 | Lance B. Payette<br>Deputy County Attorney<br>Navajo County Attorney's Office<br>P. O. Box 668<br>Holbrook, AZ 86025-0668<br>Telephone: (928) 524-4002<br>Lance.Payette@NavajoCountyAZ.gov | *Attorneys for Defendants Bradley Carlyon and Kelly Clark* |
| 5 | Jean E. Wilcox<br>Deputy County Attorney<br>110 E. Cherry Avenue<br>Flagstaff, AZ 86001-4627<br>Telephone: (928) 679-8200<br>Fax: (928) 679-8201<br>jwilcox@coconino.az.gov | *Attorneys for Defendants Coconino County Attorney and Coconino County Sheriff* |
| 9 | Bruce P. White<br>Anne C. Longo<br>Deputy County Attorneys<br>CIVIL DIVISION<br>Security Center Building<br>222 North Central Avenue, Suite 1100<br>Phoenix, AZ 85004-2206<br>Telephone: (602) 506-8541<br>ca-civilmailbox@mcao.maricopa.gov | *Attorneys for Defendant Richard M. Romley, Maricopa County Attorney* |
| 14 | Michael W. McCarthy<br>Chief Deputy County Attorney<br>P.O. Box 1717<br>Clifton, AZ 85533<br>Telephone: (928) 865-4108<br>Fax: (928) 865-4665<br>mmccarthy@co.greenlee.az.us | *Attorneys for Defendant Derek Rapier, Greenlee County Attorney; Steven Tucker, Greenlee County Sheriff* |
| 19 | Jack H. Fields<br>Deputy Yavapai County Attorney<br>Yavapai County Attorney's Office<br>255 E. Gurley Street<br>Prescott, AZ 86301<br>Telephone: (928) 777-7131<br>YCAO@co.yavapai.az.us | *Attorneys Defendants Sheila Polk, Yavapai County Attorney; Steve Waugh Yavapai County Sheriff* |
| 22 | Chris M. Roll<br>Chief Civil Attorney<br>Joe Albo<br>Deputy County Attorney<br>P.O. Box 887<br>Florence, AZ 85132<br>Telephone: (520) 866-6242<br>Fax: (520) 866-6521<br>Chris.Roll@pinalcountyaz.gov<br>Joe.Albo@pinalcountyaz.gov | *Attorneys for Defendants James P. Walsh, Pinal County Attorney; Paul Babeu, Pinal County Sheriff* |

| | | |
|---|---|---|
| 1 | George J. Romero | *Attorneys for Defendants Jon A. Smith, Yuma County Attorney; Ralph Ogden, Yuma County Sheriff* |
| 2 | Office of the Yuma County Attorney Civil Division | |
| 3 | 250 W. 2nd Street, Suite G | |
| 4 | Yuma, Arizona, AZ 85364 Telephone: (928) 817-4300 | |
| 5 | YCAttyCivil@yumacountyaz.gov | |
| 6 | Daniel Jurkowitz | *Attorneys for Defendants Pima County Attorney Barbara LaWall; Pima County Sheriff Clarence W. Dupnik* |
| 7 | Deputy County Attorney 32 North Stone Avenue, Suite 2100 | |
| 8 | Tucson, AZ 95701 | |
| 9 | Telephone: (520) 740-5750 Fax: (520) 620-6556 | |
| 10 | Daniel.Jurkowitz@pcao.pima.gov | |
| 11 | Thomas P. Liddy | *Attorneys for Defendant Sheriff Joseph M. Arpaio* |
| 12 | Maria R. Brandon Maricopa County | |
| 13 | Office of Special Litigation Services | |
| 14 | 234 North Central Avenue, Suite 4400 Phoenix, AZ 85004 | |
| 15 | Telephone: (602) 372-3859 Fax: (602) 506-1416 | |
| 16 | tliddy@mail.maricopa.gov | |
| 17 | brandonm@mail.maricopa.gov | |
| 18 | R. Glenn Buckelew | *Attorneys for Defendants Sam Vederman, La Paz County Attorney; Donald Lowery, La Paz County Sheriff* |
| 19 | Deputy La Paz County Attorney CIVIL DIVISION | |
| 20 | 1008 Hopi Avenue Parker, AZ 85344 | |
| 21 | Telephone: (928) 669-6469 | |
| 22 | gbuckelew@co.la-paz.az.us | |
| 23 | Joseph D. Young | *Attorneys for Defendants Michael B. Whiting, Apache County Attorney, in his official capacity; and Joseph Dedman, Jr., Apache County Sheriff, in his official capacity* |
| 24 | Apache County Attorney's Office P.O. Box 637 | |
| 25 | St. Johns, AZ 85936 | |
| 26 | Telephone: (928) 337-7560 jyoung@co.apache.az.us | |
| 27 | | |
| 28 | | |

| | |
|---|---|
| Christopher B. Dupont<br>Trautman Dupont PLC<br>1726 North Seventh Street<br>Phoenix, AZ 85006<br>Telephone: (602) 344-0038<br>Fax: (602) 374-2913<br>dupontlaw@cox.net | *Attorneys for Amicus Curiae Legal Momentum* |
| Joanna S. McCallum<br>Gregory N. Pimstone<br>Ronald G. Blum<br>Lydia Mendoza<br>Sirena Castillo<br>Manatt, Phelps & Phillips, LLP<br>11355 W. Olympic Boulevard<br>Los Angeles, CA 90064<br>Telephone: (310) 312-4000<br>Fax: (310) 312-4224<br>jmccallum@manatt.com<br>gpimstone@manatt.com<br>rblum@manatt.com<br>lmendoza@manatt.com<br>scastillo@manatt.com | *Attorneys for Amicus Curiae Legal Momentum* |

 I hereby certify that on June 14, 2010, I served the attached document by U.S. Mail on the following, who are not registered participants of the CM/ECF System:

| | |
|---|---|
| Mr. Kenny Angle<br>Graham County Attorney<br>800 West Main Street<br>Safford, AZ 85546 | Mr. Preston Allred<br>c/o Legal Liaison<br>Graham County Sheriff<br>523 10th Avenue<br>Safford, AZ 85546 |
| Mr. John R. Armer<br>c/o Legal Liaison<br>Gila County Sheriff<br>1400 East Ash Street<br>Globe, AZ 85501 | Mr. Larry A. Dever<br>c/o Legal Liaison<br>Cochise County Sheriff<br>205 North Judd Drive<br>Bisbee, AZ 85603 |
| Ms. Daisy Flores<br>Gila County Attorney<br>1400 East Ash Street<br>Globe, AZ 85501 | Mr. Tony Estrada<br>c/o Legal Liaison<br>Santa Cruz County Sheriff<br>1250 N. Hohokam Drive<br>Nogales, AZ 85621 |

| | | |
|---|---|---|
| 1 | Mr. Tom Sheahan<br>c/o Legal Liaison | Mr. Edward G. Rheinheimer<br>Cochise County Attorney |
| 2 | Mohave County Sheriff<br>600 W. Beale Street | 150 Quality Hill Road, 2nd Floor<br>Bisbee, AZ 85603 |
| 3 | Kingman, AZ 86402 | |
| 4 | Mr. Matthew J. Smith<br>Mohave County Attorney | Mr. George Silva<br>Santa Cruz County Attorney |
| 5 | 315 North 4th Street<br>Kingman, AZ 86401 | 2150 North Congress Drive, Suite 201<br>Nogales, AZ 85621 |
| 7 | | /s/Robyn E. Bird<br>       Robyn E. Bird |