**JAMES P. WALSH**
**PINAL COUNTY ATTORNEY, SBN#00003800**
Chris M. Roll (007317)
Chief Civil Deputy County Attorney
Joe A. Albo (004810)
Deputy County Attorney
P. O. Box 887
Florence, AZ  85132
Telephone:  (520) 866-6271
Facsimile: (520) 866-6521
Chris.Roll@pinalcountyaz.gov
Joe.Albo@pinalcountyaz.gov

*Attorneys for Defendants*
*James P. Walsh, Pinal County Attorney*
*Paul Babeu, Pinal County Sheriff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| FRIENDLY HOUSE, et al., | No. CV10-1061-PHX-SRB |
| Plaintiffs, | |
| v. | **DEFENDANTS JAMES P. WALSH AND PAUL BABEU'S RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION** |
| MICHAEL B. WHITING, et al., | |
| Defendants. | |

Defendants Pinal County Attorney James P. Walsh and Pinal County Sheriff Paul Babeu submit the following memorandum in response to Plaintiffs' Motion for Preliminary Injunction.

### MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs seek a preliminary injunction against the several defendant county sheriffs and county attorneys enjoining enforcement of SB 1070 before the statutory changes go into effect on July 29, 2010. Plaintiffs argue that the law is unconstitutional

on several grounds. In order for a preliminary injunction to be granted, Plaintiffs must establish: (1) a likelihood of success on the merits; (2) irreparable harm will be suffered by Plaintiffs if preliminary relief is not granted; (3) the balance of the equities tips in favor of an injunction; and (4) a preliminary injunction is in the public interest. *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009) (citing *Winters v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008)).

I.      Irreparable Harm and the Public Interest

Plaintiffs have chosen to bring this action and motion for preliminary injunction challenging the constitutionality of SB 1070 only against the sheriffs and county attorneys in Arizona's fifteen counties. The additional crimes created in SB 1070 are misdemeanor offenses, with one exception, A.R.S. § 13-1509. There are ninety-one (91) cities and towns in Arizona. League of Arizona Cities and Towns, www.azleague.org. Fifty percent (50%) of the state's population lives in six cities: Chandler, Flagstaff, Mesa, Phoenix, Tucson and Yuma. Arizona Department of Commerce, U.S. Bureau of Census Figures, 2000 Decennial Census. Almost every city or town has a police department that is responsible for enforcing state law and municipal ordinances. League of Arizona Cities and Towns, www.azleague.org. The several hundred peace officers of the Arizona Department of Public Safety are deployed throughout the state and that agency has not been joined as a defendant.

A preliminary injunction against County Attorney Walsh and Sheriff Babeu or any of the other sheriffs and county attorneys does not prevent the harm that Plaintiffs seek to enjoin, because relief will be inadequate. Plaintiffs' failure to join the

municipal police and prosecutors as additional defendants in this action will lead to inconsistent enforcement of state law based on which jurisdiction's deputy sheriff, police officer, Arizona Department of Public Safety officer or other Arizona law enforcement officer initiates a valid stop, detains a person or makes an arrest. The inconsistent enforcement resulting from an injunction against the county defendants alone does not serve the public interest in the State of Arizona. Rather, the public interest is harmed by inconsistent enforcement. Further, the inconsistent enforcement resulting from an injunction against the county defendants alone affords the Plaintiffs incomplete relief. See *Sierra Forest Legacy*, 577 F.3d at 1022–23. The Plaintiffs' failure to join the state-level law enforcement agency and municipal police agencies will continue to expose them to the harm they seek to prevent in this case.

A preliminary injunction in this case will likely only be issued against the defendants named in this case. Federal Rule of Civil Procedure 65(d)(2); Wright & Miller Federal Practice & Procedure, Vol. 11A, §2965 (2d ed.). Because this suit will not afford Plaintiffs the relief they seek, Pinal County Attorney Walsh and Pinal County Sheriff Babeu believe that the entire suit, including the motion for a preliminary injunction, fails to state a claim against them upon which relief can be granted. If that issue is resolved against Plaintiffs, the matter of a preliminary injunction is moot.

II.   <u>Likelihood of Success on the Merits</u>

Defendants Pinal County Attorney James P. Walsh and Pinal County Sheriff Paul Babeu have moved to dismiss Plaintiffs' Complaint (Document 204). The

standing and ripeness issues raised in their motion to dismiss and the similar motions made by Arizona Governor Brewer (Document 208) and Maricopa County Sheriff Arpaio (Document 205) must be considered in the course of deciding Plaintiffs' Motion for Preliminary Injunction. Until the issues of ripeness and standing are resolved, an inquiry into the constitutionality of the statutory changes proscribed in SB 1070 is premature. If Plaintiffs do not have standing, or if the issues in the case are not ripe for judicial determination, there is little likelihood that Plaintiffs will succeed on the merits of the case.

Despite the foregoing, Plaintiffs maintain that their claim is likely to succeed on the merits and that SB 1070 is likely to be found unconstitutional. Whether an injunction is granted hinges on whether this Court will make a determination that SB 1070, as amended by HB 2162, is unconstitutional at this stage in the case. Other than defenses based on Plaintiffs' standing and issue ripeness, the defenses against the issuance of a preliminary injunction necessarily must be a defense of the constitutionality of the statutory changes contained in SB 1070.

Plaintiffs have filed and served a Notice of Constitutional Challenge on the Arizona Attorney General (Document 16). Traditionally in Arizona, the Arizona Attorney General defends the constitutionality of Arizona laws directly or on behalf of other state agencies. *See Ethington v. White*, 66 Ariz. 382, 388 (1948) ("[T]he attorney general of the state is a proper party defendant in declaratory judgment actions involving the constitutionality of a statute . . . ."); *City of Tucson v. Woods*, 191 Ariz. 523, 526–27 (App. Div. 1 1997) (holding that the Attorney General, who had

voluntarily participated in the litigation, could be substituted for the City of Tucson when the constitutionality of a statute was attacked); *Yes on Prop 200 v. Napolitano*, 215 Ariz. 458, 469 (App. Div. 1 2007) ("Arizona courts have uniformly held that the Arizona Attorney General is an appropriate party to such cases [attacking the constitutionality of statutes] because the Attorney General's participation is authorized by the Declaratory Judgments Act itself."); Declaratory Judgments Act, A.R.S. § 12-1841 (West 2006).[1]

It appears that the Governor's voluntary intervention is made in anticipation of provisions set out in HB 2162, amending SB 1070.[2] The Arizona Declaratory Judgments Act and case law construing the Act suggest that a state officer such as the Governor is an appropriate party to direct the defense of a state law's constitutionality. The Attorney General has withdrawn as counsel for the State of Arizona (Documents 231 and 234), leaving Governor Brewer to represent Arizona's interest in defending the constitutionality of the statutory changes.

Pinal County Attorney Walsh and Pinal County Sheriff Babeu take no position with regard to the constitutionality of SB 1070. They defer that defense of SB 1070's statutory changes to the proper state officers, either the Governor or Attorney General.

---

[1] A.R.S. § 12-1841 has recently been amended to clarify that the Attorney General or other state entities are not required parties in any action challenging the constitutionality of statutes. Laws 2010, ch. 105. That statutory change will not take effect until July 29, 2010. Further, whether or not these state entities are *required* parties to such cases involving the constitutionality of state statutes will not change the conclusion that they are *appropriate* parties.

[2] HB 2162, the amendment to SB 1070, also becomes effective on July 29, 2010. Section 8 suggests that the defense to challenges to the laws' constitutionality should be directed by the Governor. Laws 2010, ch. 211, § 8. Although this law is not yet in effect, it demonstrates legislative intent that state officers, rather than county attorneys, should defend the constitutionality of SB 1070.

In this case, the Governor will proceed with representing the State of Arizona. Pinal County Sheriff Babeu and Pinal County Attorney Walsh take no position on Plaintiffs' Motion for Preliminary Injunction other than the standing and ripeness issues asserted in the motion to dismiss the complaint and that the preliminary injunction will not afford complete relief to the Plaintiffs.

**RESPECTFULLY SUBMITTED** this 30th day of June 2010

                JAMES P. WALSH
                PINAL COUNTY ATTORNEY

By:    /s Joe A. Albo
        Joe A. Albo
        Civil Deputy County Attorney

# CERTIFICATE OF SERVICE

I hereby certify that on this ____ day of June, 2010, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

***Attorneys for Plaintiffs***

Daniel J. Pochoda
Anne Lai
*ACLU Foundation of Arizona*
 *Foundation of Arizona*
77 E Columbus Street
Suite 205
Phoenix, AZ  85012
alai@acluaz.org
dpochoda@acluaz.org

Harini Raghupathi
Cecillia D. Wang
*American Civil Liberties Union*
 *Immigrants Rights Project*
39 Drumm Street
San Francisco, CA 94111
hraghupathi@aclu.org
cwang@aclu.org

Daniel R. Ortega, Jr.
*Roush McCracken Guerrero Miller & Ortega*
1112 E Washington Street
Phoenix, AZ  85034-1010
danny@rmgmo.com

Laura D. Blackburne
*National Association for the Advancement*
 *of Colored People*
4805 Mt. Hope Drive
Baltimore, MD 21215
lblackburne@naacpnet.org

Bradley S. Phillips
Paul J. Watford
Joseph J. Ybarra
Elisabeth J. Neubauer
*Munger Tolles &Olson LLP*
355 South Grand Avenue
35th Floor
Los Angeles, CA  90071-1560
brad.phillips@mto.com
paul.watford@mto.com
joseph.ybarra@mto.com
elisabeth.neubauer@mto.com

Susan T. Boyd
Yuval Miller
*Munger Tolles & Olson LLP*
560 Mission Street
27th Floor
San Francisco, CA  94105-2907
susan.boyd@mto.com
yuval.miller@mto.com

Lisa Kung
Chris Newman
*National Day Labor Organizing Network*
675 S Park View Street
Suite B
Los Angeles, CA  90057
kung@ndlon.org
newman@ndlon.org

Nina Perales
Ivan Espinoza-Madrigal
*Mexican American Legal Defense &*
 *Education Fund*
110 Broadway Street
Suite 300
San Antonio, TX  78205
nperales@maldef.org
iespinoza@maldef.org

Connie Choi
Carmina Ocampo
Julie A. Su
Yungsuhn Park
*Asian Pacific American Legal Center*
1145 Wilshire Blvd.
Suite 200
Los Angeles, CA  90017
cchoi@apalc.org
cocampo@apalc.org
jsu@apalc.org
ypark@apalc.org

Cynthia Valenzuela Dixon
Nicholas D. Espiritu
Gladys Limon
Thomas A. Saenz
Victor Viramontes
*Mexican American Legal Defense &*
 *Education Fund*
634 S Spring Street
11th Floor
Los Angeles, CA  90014
cvalenzuela@maldef.org
nespiritu@maldef.org
glimon@maldef.org
tsaenz@maldef.org
vviramontes@maldef.org

Lucas Guttentag
Omar C. Jadwat
Tanaz Moghadam
*ACLU Foundation*
 *Immigrants Rights Project*
125 Broad Street
18th Floor
New York, NY  10004
lguttentag@aclu.org
ojadwat@aclu.org
tmoghadam@aclu.org

Linton Joaquin
Melissa S. Keaney
Ghazal Tajmiri
Vivek Mittal
Nora A. Preciado
Karen C. Tumlin
*National Immigration Law Center*
3435 Wilshire Blvd.
Suite 2850
Los Angeles, CA  90010
joaquin@nilc.org
keaney@nilc.org
tajmiri@nilc.org
mittal@nilc.org
preciado@nilc.org
tumlin@nilc.org

*Attorneys for Defendants*

John J. Bouma
*Snell & Wilmer LLP*
One Arizona Center
400 E Van Buren
Phoenix, AZ  85004
jbouma@swlaw.com

Lance B. Payette
Deputy County Attorney
*Navajo County Attorney's Office*
P.O. Box 668
Holbrook, AZ  86025-0668
Lance.Payette@NavajoCountyAZ.gov

Joseph D. Young
Deputy Apache County Attorney
Apache County Attorney's Office
P.O. Box 637
St. Johns, AZ  85936
jyoung@co.apache.az.us

Jean Wilcox
Deputy County Attorney
Coconino County Attorney's Office
110 E Cherry Street
Flagstaff, AZ  86001
jwilcox@coconino.az.gov

Michael W. McCarthy
Chief Deputy County Attorney
Greenlee County Attorney's Office
P.O. Box 1717
Clifton, AZ  85533
mmccarthy@co.greenlee.az.us

R. Glenn Buckelew
Deputy County Attorney
La Paz County Attorney's Office
1008 Hopi Avenue
Parker, AZ  85344
gbuckelew@co.la-paz.az.us

Bruce P. White
Anne C. Longo
Deputy County Attorneys
Maricopa County Attorney's Office
Security Center Building
222 North Central Avenue
Suite 1100
Phoenix, AZ  85004
ca-civilmailbox@mcao.maricopa.gov

Thomas P. Liddy
Maria R. Brandon
Maricopa County Office of Special Litigation Services
234 North Central Avenue, Suite 4400
Phoenix, AZ  85004
tliddy@mail.maricopa.gov
brandonm@mail.maricopa.gov

Daniel Jurkowitz
Deputy County Attorney
Pima County Attorney's Office
32 North Stone Avenue, Suite 2100
Tucson, AZ  85701
daniel.jurkowitz@pcao.pima.gov

Jack H. Fields
Deputy County Attorney
Office of the Yavapai County Attorney
255 E Gurley Street, Suite 300
Prescott, AZ  86301
YACO@co.yavapai.az.us

George J. Romero
Deputy County Attorney
Yuma County Attorney's Office
250 W Second Street, Suite G
Yuma, AZ  85364
George.Romero@yumacountyaz.gov

Joseph A. Kanefield
Office of Governor Janice K. Brewer
1700 W Washington
Phoenix, AZ  85007
jkanefield@az.gov

June Ava Florescue
Gila County Attorney
1400 E Ash Street
Globe, AZ  85501
jflorecs@co.gila.az.us

Sean Bodkin
Civil Deputy County Attorney
Santa Cruz County Attorney's Office
2150 N Congress Drive, Suite 201
Nogales, AZ  85621
sean.bodkin@azbar.org

Kenneth A. Angle
Graham County Attorney
800 Main Street
Stafford, AZ  85549
kangle@graham.az.gov

Robert A. Taylor
Deputy County Attorney
Mohave County Attorney's Office
P.O. Box 7000
700 West Beale Street
Kingman, AZ  86402
robert.taylor@co.mohave.az.us

Britt W. Hanson
Chief Civil Deputy County Attorney
Cochise County Attorney's Office
P.O. Drawer CA
Bisbee, AZ  85603
CVAttymeo@cochise.az.gov

***
Sirena Castillo
Joanna S. McCallum
Lydia Mendoza
Gregory N. Pimstone
*Manatt Phelps & Phillips LLP*
11355 W Olympic Blvd.
Los Angeles, CA  90064
scastillo@manatt.com
jmccallum@manatt.com
lmendoza@manatt.com
gpimstone@manatt.com

Christopher Baird Dupont
*Trautman Dupont PLC*
1726 North 7th Street
Phoenix, AZ  85006
dupontlaw@cox.net

Vikram K. Badrinath
*Vikram Badrinath, PC*
100 North Stone Avenue, Suite 302
Tucson, AZ  85701

David J. Bodney
Peter S. Kozinets
*Anti-Defamation League*
605 Third Avenue
New York, NY 10158-3560
dbodney@steptoe.com
pkozinets@steptoe.com

By: /s Joe Albo