1   Omar C. Jadwat (admitted *pro hac vice*)
    Lucas Guttentag (admitted *pro hac vice*)
2   Andre Segura (admitted *pro hac vice*)
    AMERICAN CIVIL LIBERTIES UNION
3   FOUNDATION IMMIGRANTS'
    RIGHTS PROJECT
4   125 Broad Street, 18th Floor
    New York, NY  10004
5   Telephone:    (212) 549-2660
    Facsimile:    (212) 549-2654
6   *ojadwat@aclu.org*
    *lguttentag@aclu.org*
7   *asegura@aclu.org*

8   Linton Joaquin (admitted *pro hac vice*)           Thomas A. Saenz (admitted *pro hac vice*)
    Karen C. Tumlin (admitted *pro hac vice*)          Victor Viramontes (admitted *pro hac vice*)
9   Nora A. Preciado (admitted *pro hac vice*)         Nicholás Espíritu (admitted *pro hac vice*)
    Melissa S. Keaney (admitted *pro hac vice*)        MEXICAN AMERICAN LEGAL
10  Alvaro M. Huerta (admitted pro hac vice)           DEFENSE AND EDUCATIONAL FUND
    NATIONAL IMMIGRATION LAW                           634 S. Spring Street, 11th Floor
11  CENTER                                             Los Angeles, CA  90014
    3435 Wilshire Boulevard, Suite 2850                Telephone:    (213) 629-2512
12  Los Angeles, CA  90010                             Facsimile:    (213) 629-0266
    Telephone:    (213) 639-3900                       *tsaenz@maldef.org*
13  Facsimile:    (213) 639-3911                       *vviramontes@maldef.org*
    *joaquin@nilc.org*                                 *nespiritu@maldef.org*
14  *tumlin@nilc.org*
    *preciado@nilc.org*
15  *keaney@nilc.org*
    *huerta@nilc.org*                                  *Attorneys for all Plaintiffs Except*
16                                                     *Maria Morales*
                                                       *Additional Co-Counsel on Subsequent Pages*
17

18              UNITED STATES DISTRICT COURT

19              FOR THE DISTRICT OF ARIZONA

20

21  Valle del Sol, *et al.*,                      CASE NO. CV-10-01061-PHX-SRB

22              Plaintiffs,                        **PLAINTIFFS' RESPONSE TO
                                                   DEFENDANTS' MOTION TO STRIKE,
23       v.                                        FOR JUDICIAL NOTICE, AND FOR AN
                                                   EVIDENTIARY HEARING**
24  Michael B. Whiting, *et al.*,

25              Defendants.

26

27

28

1  Daniel J. Pochoda (SBA No. 021979)
   Kelly Flood (SBA No. 019772)
2  James Duff Lyall (SBA No. 330045)*
   ACLU FOUNDATION OF ARIZONA
3  3707 N. 7th Street, Suite 235
   Phoenix, AZ 85014
4  Telephone:    (602) 650-1854
   Facsimile:    (602) 650-1376
5  dpochoda@acluaz.org
   kflood@acluaz.org
6  jlyall@acluaz.org
7

8  Marita Etcubañez (admitted *pro hac
   vice*)
9  Jessica Chia (admitted *pro hac vice*)
   ASIAN AMERICAN JUSTICE
10 CENTER, a member
   of Asian American Center for
11  Advancing Justice
   1140 Connecticut Avenue NW
12 Suite 1200
   Washington, DC  20036
13 Telephone:    (202) 296-2300
   Facsimile:    (202) 296-2318
14 metcubanez@advancingequality.org
   jchia@advancingequality.org
15
16

17 Stephen P. Berzon++ (admitted *pro hac
   vice*)
18 Jonathan Weissglass++ (admitted *pro
   hac vice*)
19 ALTSHULER BERZON LLP++
   177 Post Street, Suite 300
20 San Francisco, CA  94108
   Telephone:    (415) 421-7151
21 Facsimile:    (415) 362-8064
   sberzon@altshulerberzon.com
22 jweissglass@altshulerberzon.com

23
   Aaron Leiderman (admitted *pro hac
24 vice*)
   MUNGER, TOLLES & OLSON
25 LLP+
   560 Mission Street, 27th Floor
26 San Francisco, CA  94105-2907
   Telephone:    (415) 512-4000
27 Facsimile:    (415) 512-4077
   Aaron.leiderman@mto.com
28

Cecillia D. Wang (admitted *pro hac vice*)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION IMMIGRANTS'
RIGHTS PROJECT
39 Drumm Street
San Francisco, CA  94111
Telephone:    (415) 343-0775
Facsimile:    (415) 395-0950
cwang@aclu.org


Laboni A. Hoq (admitted *pro hac vice*)
Yungsuhn  Park (admitted *pro hac vice*)
ASIAN PACIFIC AMERICAN
LEGAL CENTER, a member
of Asian American Center for
 Advancing Justice
1145 Wilshire Blvd., Second Floor
Los Angeles, CA.  90017
Telephone:    (213) 977-7500
Facsimile:    (213) 977-7595
lhoq@apalc.org
ypark@apalc.org


Nina Perales (admitted *pro hac vice*)
MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL
FUND
110 Broadway Street, Suite 300
San Antonio, TX  78205
Telephone:    (210) 224-5476
Facsimile:    (210) 224-5382
nperales@maldef.org


Chris Newman (admitted *pro hac vice*)
Jessica Karp (admitted *pro hac vice*)
NATIONAL DAY LABOR ORGANIZING
NETWORK
675 S. Park View Street, Suite B
Los Angeles, CA  90057
Telephone:    (213) 380-2785
Facsimile:    (213) 380-2787
newman@ndlon.org
jkarp@ndlon.org

Bradley S. Phillips+ (admitted *pro hac vice*)
Joseph J. Ybarra+ (admitted *pro hac vice*)
Benjamin J. Maro+ (admitted *pro hac vice*)
Lika C. Miyake+ (admitted (*pro hac vice*)
Margaret G. Ziegler+ (admitted *pro hac vice*)
MUNGER, TOLLES & OLSON LLP+
355 South Grand Avenue, 35th Floor
Los Angeles, CA  90071-1560
Telephone:    (213) 683-9100
Facsimile:    (213) 687-3702
*Brad.Phillips@mto.com*
*Joseph.Ybarra@mto.com*
*Benjamin.Maro@mto.com*
*Lika.Miyake@mto.com*
*Margaret.Ziegler@mto.com*

Daniel R. Ortega, Jr. (SBA No. 005015)
ORTEGA LAW FIRM
A Professional Corporation
361 East Coronado Road
Phoenix, AZ  85004-1525
Telephone:    (602) 386-4455
Facsimile:    (602) 340-1896x
*danny@ortegalaw.com*

Justin B. Cox (*pro hac vice* pending)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION IMMIGRANTS'
RIGHTS PROJECT
230 Peachtree Street, NW, Suite 1440
Atlanta, GA 30303-2721
Telephone:    404.523.2721
Facsimile:    404.653.0331
*jcox@aclu.org*

*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

+*Attorneys for all plaintiffs except Service Employees International Union, Service Employees International Union, Local 5, and United Food and Commercial Workers International Union*

++ *Attorneys for Service Employees International Union, Service Employees International Union, Local 5, and United Food and Commercial Workers International Union*

ii

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE, FOR JUDICIAL NOTICE, AND FOR AN EVIDENTIARY HEARING**

On the eve of the Court's hearing in this matter, Defendants have moved to strike declarations submitted with Plaintiffs' reply; for judicial notice of a post-trial brief filed in another case; and for an evidentiary hearing on Plaintiffs' preliminary injunction motion. Defendants' Motion to Strike should be denied because they have not provided any legitimate basis to exclude the proffered evidence. Defendants' motion for judicial notice is not opposed by Plaintiffs, but it underscores Defendants' continued failure to grasp the controlling precedent governing the Equal Protection claims in this case and also undermines Defendants' own motion to strike. Finally, Defendants waived their opportunity to timely request an evidentiary hearing, and in any event have failed to demonstrate that the law of this Circuit or the state of the record in this case calls for a hearing.

In sum, Defendants' eleventh-hour filing should not be allowed to derail the Court's hearing on, and consideration of, Plaintiffs' motion, or to exclude the probative evidence that Plaintiffs have offered in support of a preliminary injunction in this case.

## I.   DEFENDANTS' MOTION TO STRIKE SHOULD BE DENIED.

There is no merit to Defendants' Motion to Strike Plaintiffs' Exhibit J (Excerpts from Trial Transcript, *Ortega v. Arpaio*), Exhibit K (Declaration of Hugo Carrillo Escobedo), and Exhibit M (Second Declaration of Justin Cox) on the basis of Rule 6(c)(2) of the Federal Rules of Civil Procedure.[1]  That Rule provides that affidavits supporting a motion must be served with the motion, and opposing affidavits must be served at least seven days before hearing, "unless the court permits service at another time." Fed. R. Civ. P. 6(c)(2).  However, the Rule 6 requirement that affidavits be attached to the original motion does not apply to affidavits submitted in response to the non-movant's response to the motion.[2]  *See, e.g.*, *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 476-77 (6th Cir. 2002)

---

[1]  Nor did Defendants meet and confer with the Plaintiffs regarding any of these issues before filing this motion.

[2] All three exhibits are offered as rebuttal evidence.  The excerpts of trial testimony and the

1

2

3

4

5

6

7

8

9

(noting that "reply affidavits that respond only to the opposing party's brief are properly filed with the reply brief"); *McGinnis v. Southeast Anesthesia Associates, P.A.*, 161 F.R.D. 41, 41-42 & n.1 (W.D.N.C. 1995). [3]   Moreover, in this case, the Court scheduled the hearing on an expedited basis, to take place four days after the filing of the reply brief, and these exhibits were filed in accord with that schedule.   Finally, Defendants have not identified any manner in which they would be prejudiced by the Court's consideration of the proffered evidence—i.e., what they would offer in response had they additional time.

For the foregoing reasons, the Court should deny the Motion to Strike.[4]

10

11

## II.   DEFENDANTS' REQUEST FOR JUDICIAL NOTICE UNDERMINES THEIR MOTION TO STRIKE AND THE EVIDENCE DOES NOTHING TO ADVANCE THEIR POSITION

12

13

14

15

16

17

18

Defendants request that the Court take judicial notice of a post-trial brief filed by the plaintiffs in *Ortega-Melendres v. Arpaio*, No. 07-2513-PHX-GMS (D. Ariz. filed Aug. 9, 2012).   Plaintiffs have no objection to the Court taking such notice.   Plaintiffs note, however, that Defendants' request for judicial notice of this *Ortega-Melendres* filing illustrates that it would also be appropriate for the Court to take judicial notice of the *Ortega-Melendres* transcripts submitted as Exhibit J.   Thus, Defendants' request for judicial notice undermines their motion to strike Exhibit J.

19

Substantively, the brief filed by the *Ortega-Melendres* plaintiffs simply echoes

20

21

22

23

24

25

26

27

28

Escobedo Declaration respond to Defendants' assertions regarding how law enforcement will enforce Section 2(B).   And Exhibit M, the Second Cox Declaration, outlines recent actions of the Arizona Legislature—information of which the Court could properly take judicial notice—to rebut Defendants' contention that only emails and statements made while S.B. 1070 was pending are relevant to the Equal Protection claim.
[3] *Provenz v. Miller*, 102 F.3d 1478 (9th Cir. 1996), on which Defendants rely, does not support striking evidence offered on reply.   Rather, in *Provenz* the defendants had submitted new evidence with their reply brief, and the district court refused to consider the supplemental declaration that the plaintiffs submitted in response to the new evidence. The Ninth Circuit found that the district court erred in not accepting the plaintiffs' supplemental declaration.
[4] Although Plaintiffs do not believe it is a good use of time, if the Court believes it necessary to give Defendants additional time to respond to these Exhibits, the Plaintiffs would not object, provided that it not unduly delay consideration of the Plaintiffs' Motion for Preliminary Injunction.   Moreover, Plaintiffs would also request that the Court keep the preliminary injunction in place regarding Section 2(B) while Defendants take additional time, so as to avoid irreparable harm to the Plaintiffs.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

what Plaintiffs have consistently argued in their briefing before this Court.  Plaintiffs have explained that "Defendants' invocation of the standard that applies in selective prosecution cases is flat wrong" because Plaintiffs are not claiming an Equal Protection violation based on selective prosecution or enforcement, but instead that § 2(B), a facially neutral law, was enacted with a discriminatory motive.  Pls.' Reply Br. at 5-6.  Thus, Plaintiffs explain, they need not "prove that they were treated differently from similarly situated members of a non-protected class." *Id.* at 6.

The *Ortega-Melendres* plaintiffs, unlike Plaintiffs here, are bringing a claim based on "selective enforc[ement of] laws that are facially race-neutral." *Ortega-Melendres* Br. at 5.  Therefore, they have recited the different legal standard that applies to that claim: "To prove an equal protection violation *in this context*, plaintiffs must show that the defendants' actions 'had a discriminatory effect and … were motivated by a discriminatory purpose.'" *Id.* (emphasis added).  Nothing in the *Ortega-Melendres* brief suggests that the same standard would apply in this case, or contradicts Plaintiffs' argument here in any way; rather, it simply demonstrates the distinction that Plaintiffs have drawn in their briefing to this Court.

## III.   DEFENDANTS HAVE WAIVED THE RIGHT TO REQUEST AN EVIDENTIARY HEARING, WHICH IS NOT WARRANTED IN ANY EVENT.

Defendants' contention that "the Court cannot grant Plaintiffs' request for a preliminary injunction without an evidentiary hearing" is simply wrong.  Defs.' Mot. at 6.  First, by waiting until after Plaintiffs submitted their Reply and until the day before argument on the Motion for a Preliminary Injunction, Defendants have waived their right to request any such hearing.  Unlike in *Charlton v. Estate of Charlton*—a permanent injunction case upon which Defendants rely—Defendants' submission of voluminous documentary evidence in opposition to Plaintiffs' motion, unaccompanied by a request for an evidentiary hearing, demonstrated that they were "content to rest" on the submitted evidence.  841 F.2d 988, 989 (9th Cir. 1988) (quoting *Fengler v. Numismatic Americana,*

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Inc.*, 832 F.2d 745, 748 (2d Cir. 1987) ("A party against whom an injunction is sought will be found to have waived its right to a hearing only where that party was demonstrably 'content to rest' on affidavits submitted to the court.")). Only after reviewing Plaintiffs' Reply did Defendants apparently regret their failure to request an evidentiary hearing; such a decision constitutes waiver. *Holt v. Continental Group, Inc.*, 708 F.2d 87, 90 n.2 (2d Cir.1983) ("Normally a party that elects to gamble on a 'battle of affidavits' must live by that choice.").

Second, even if Defendants had not waived the request for an evidentiary hearing—and they have—they still would not be entitled to one. As explained in *Stanley v. University of Southern California*: "In this circuit, the refusal to hear oral testimony at a preliminary injunction hearing is not an abuse of discretion if the parties have a full opportunity to submit written testimony and to argue the matter." 13 F.3d 1313, 1326 (9th Cir. 1994) (citations omitted); *see also Kenneally v. Lungren*, 967 F.2d 329, 334-35 (9th Cir. 1992) ("[W]e have rejected any presumption in favor of evidentiary hearings, especially if the facts are complicated." (quoting *United States v. Oregon*, 913 F.2d 576, 582 (9th Cir. 1990)).

Defendants, moreover, have not explained what purpose an evidentiary hearing would serve. They have not, for example, articulated any disputed issues of material fact that a hearing would resolve,[5] or what evidence they would present at an evidentiary hearing that they have been unable to present in documentary form. Instead, they mostly criticize Plaintiffs' arguments asserting that Plaintiffs "ignored substantial portions of evidence" or "wholly fail to address Arizona's arguments and evidence." Defs.' Mot. at 6. Defendants hardly require an evidentiary hearing to make these arguments that merely present their characterization of the evidence at issue. Similarly, Defendants seek this last-

---

[5] "[B]ecause a preliminary injunction only has the effect of maintaining the positions of the parties until the trial can be held . . . . in order to serve the primary purpose of preventing irreparable harm," Wright & Miller, *Fed. Prac. & Proc.* § 2949, the standard regarding disputed issues of material fact standard in this context is more relaxed than in the summary judgment stage. *See id.*

minute hearing to cross examine Plaintiffs' experts, when Defendants received three of the four declarations on *June 21, 2010* and the fourth declaration on July 23, 2012. Therefore, Defendants have made no showing to support this untimely request.   Moreover, an evidentiary hearing is not justified by a party's bare demand for it.  *See, e.g.*, *Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1171 (7th Cir. 1997) ("[I]n any case in which a party seeks an evidentiary hearing, he must be able to persuade the court that the issue is indeed genuine and material and so a hearing would be productive—he must show in other words that he has and intends to introduce evidence that if believed will so weaken the moving party's case as to affect the judge's decision on whether to issue an injunction.").[6]

There is no question that Defendants have had "a full opportunity to submit written testimony" and, with tomorrow's hearing, "to argue the matter." *Stanley*, 13 F.3d at 1326. They are not entitled to more. *Id.*

DATED this 20th day of August 2012.

 /s/ Karen C. Tumlin
NATIONAL IMMIGRATION LAW
CENTER

 /s/ Omar Jadwat
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION IMMIGRANTS' RIGHTS
PROJECT

 /s/ Victor Viramontes
MEXICAN AMERICAN LEGAL DEFENSE
AND EDUCATIONAL FUND

---

[6] *See also Drywall Tapers & Pointers v. Operative Plasterers' & Cement Masons Intern. Ass'n*, 537 F.2d 669, 674 (2d Cir. 1976) (rejecting the argument that the district court erred in not holding an evidentiary hearing, explaining that "[t]he obvious purpose of the hearing requirements is to prevent grants of injunctions on ex parte applications and to ensure that relief follows only after consideration of all facts and arguments deemed important by the parties," which had been served by the parties' voluminous submissions).

1

2

3

           /s/ Lika C. Miyake
           MUNGER, TOLLES & OLSON LLP

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2        I hereby certify that on August 20, 2012, I electronically transmitted the foregoing

3  document to the Clerk's Office using the CM/ECF System which will send notification of

4  such filing to all counsel of record.

5

6                                                    /s/ Victor Viramontes

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                                                    7