1   Omar C. Jadwat (admitted *pro hac vice*)
    Lucas Guttentag (admitted *pro hac vice*)
2   Andre Segura (admitted *pro hac vice*)
    AMERICAN CIVIL LIBERTIES UNION
3   FOUNDATION IMMIGRANTS'
    RIGHTS PROJECT
4   125 Broad Street, 18th Floor
    New York, New York 10004
5   Telephone: (212) 549-2660
    Facsimile: (212) 549-2654
6   *ojadwat@aclu.org*
    *lguttentag@aclu.org*
7   *asegura@aclu.org*                          Thomas A. Saenz (admitted *pro hac vice*)
                                                 Victor Viramontes (admitted *pro hac vice*)
8   Linton Joaquin (admitted *pro hac vice*)     Nicholás Espíritu (admitted *pro hac vice*)
    Karen C. Tumlin (admitted *pro hac vice*)    MEXICAN AMERICAN LEGAL
9   Nora A. Preciado (admitted *pro hac vice*)   DEFENSE AND EDUCATIONAL FUND
    Melissa S. Keaney (admitted *pro hac vice*)  634 S. Spring Street, 11th Floor
10  Alvaro M. Huerta (admitted pro hac vice)     Los Angeles, California 90014
    NATIONAL IMMIGRATION LAW                     Telephone: (213) 629-2512
11  CENTER                                       Facsimile: (213) 629-0266
    3435 Wilshire Boulevard, Suite 2850          *tsaenz@maldef.org*
12  Los Angeles, California 90010                *vviramontes@maldef.org*
    Telephone: (213) 639-3900                    *nespiritu@maldef.org*
13  Facsimile: (213) 639-3911
    *joaquin@nilc.org*
14  *tumlin@nilc.org*
    *preciado@nilc.org*                          *Attorneys for all Plaintiffs Except Maria*
15  *keaney@nilc.org*                            *Morales*
    *huerta@nilc.org*                            *Additional Co-Counsel on Subsequent Pages*
16

17              UNITED STATES DISTRICT COURT

18              FOR THE DISTRICT OF ARIZONA

19

20  Valle del Sol, *et al.*                      CASE NO. CV-10-01061-PHX-SRB

21          Plaintiffs,                          **PLAINTIFFS' EMERGENCY MOTION
                                                 FOR INJUNCTION PENDING APPEAL**
22      v.
                                                 **(Expedited Consideration Requested)**
23
    Michael B. Whiting, *et al.*,
24
            Defendants.
25

26

27

28

1

Daniel J. Pochoda (SBA No. 021979)
2  James Duff Lyall (SBA No. 330045)
ACLU FOUNDATION OF ARIZONA
3  3707 N. 7th Street, Suite 235
Phoenix, Arizona 85014
4  Telephone: (602) 650-1854
Facsimile: (602) 650-1376
5  *dpochoda@acluaz.org*
*jlyall@acluaz.org*
6

Cecillia D. Wang (admitted *pro hac vice*)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION IMMIGRANTS'
RIGHTS PROJECT
39 Drumm Street
San Francisco, California 94111
Telephone: (415) 343-0775
Facsimile: (415) 395-0950
*cwang@aclu.org*

7  Nina Perales (admitted *pro hac vice*)
MEXICAN AMERICAN LEGAL
8  DEFENSE AND EDUCATIONAL
FUND
9  110 Broadway Street, Suite 300
San Antonio, Texas 78205
10  Telephone: (210) 224-5476
Facsimile: (210) 224-5382
11  *nperales@maldef.org*

12

13

Laboni Hoq (admitted *pro hac vice*)
Yungsuhn Park (admitted *pro hac vice*)
ASIAN PACIFIC AMERICAN
LEGAL CENTER, a member
of Asian American Center for
Advancing Justice
1145 Wilshire Blvd., Suite 200
Los Angeles, California 90017
Telephone: (213) 977-7500
Facsimile: (213) 977-7595
*lhoq@apalc.org*
*ypark@apalc.org*

14  Chris Newman (admitted *pro hac vice*)
Jessica Karp (admitted *pro hac vice*)
15  NATIONAL DAY LABOR
ORGANIZING NETWORK
16  675 S. Park View Street, Suite B
Los Angeles, California 90057
17  Telephone: (213) 380-2785
Facsimile: (213) 380-2787
18  *newman@ndlon.org*
*jkarp@ndlon.org*
19

Daniel R. Ortega, Jr. (SBA No. 005015)
ORTEGA LAW FIRM
361 East Coronado Road
Phoenix, Arizona  85004
Telephone: (602) 386-4455
Facsimile: (602) 340-1896
*danny@ortegalaw.com*

20  Marita Etcubañez (admitted *pro hac vice*)
21  Jessica Chia (admitted pro hac vice)
ASIAN AMERICAN JUSTICE
22  CENTER
1140 Connecticut Avenue NW, Ste
23  1200
Washington, DC 20036
24  Telephone: (202) 296-2300
Facsimile: (202) 296-2318
25  *metcubanez@advancingequality.org*
*jchia@advancingequality.org*
26

Aaron Leiderman (admitted *pro hac vice*)
MUNGER, TOLLES & OLSON LLP+
560 Mission Street
Twenty-Seventh Floor
San Francisco, CA  94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
*Aaron.leiderman@mto.com*

27

28

Bradley S. Phillips+ (admitted *pro hac vice*)
Joseph J. Ybarra+ (admitted *pro hac vice*)
Benjamin J. Maro+ (admitted *pro hac vice*)
Lika C. Miyake+ (admitted (*pro hac vice*)
Margaret G. Ziegler+ (admitted *pro hac vice*)
MUNGER, TOLLES & OLSON LLP+
355 South Grand Avenue, 35th Floor
Los Angeles, CA  90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702
*Brad.Phillips@mto.com*
*Joseph.Ybarra@mto.com*
*Benjamin.Maro@mto.com*
*Lika.Miyake@mto.com*
*Margaret.Ziegler@mto.com*

Stephen P. Berzon++ (admitted *pro hac vice*)
Jonathan Weissglass++ (admitted *pro hac vice*)
ALTSHULER BERZON LLP++
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
*sberzon@altshulerberzon.com*
*jweissglass@altshulerberzon.com*


Justin B. Cox (admitted *pro hac vice*)
ACLU Immigrants' Rights Project
230 Peachtree Street, NW, Suite 1440
Atlanta, GA 30303-2721
Telephone: (404) 523-2721
Facsimile: (404) 653-0331
*jcox@aclu.org*

*+ Attorneys for all plaintiffs except Maria Morales and Service Employees International Union, Service Employees International Union, Local 5, United Food and Commercial Workers International Union, and Japanese American Citizens League*

*++ Attorneys for Service Employees International Union, Service Employees International Union, Local 5, and United Food and Commercial Workers International Union*

## EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL

Plaintiffs have filed a Notice of Appeal from the portion of the Court's September 5, 2012 Order denying Plaintiffs' request for a preliminary injunction of SB 1070 § 2(B). Pursuant to Fed. R. App. Proc. 8(a)(1), and for the reasons set forth in Plaintiffs' Motion for Preliminary Injunction and Memorandum of Points and Authorities in Support (Dkt. No. 723) and Reply in Support of Motion for Preliminary Injunction (Dkt. No. 739), Plaintiffs respectfully ask the Court to immediately enjoin the implementation of SB 1070 § 2(B) pending appeal.  Pursuant to Civil Local Rule 7.1(d)(2), Plaintiffs incorporate by reference their memoranda and supporting exhibits (Dkt. Nos. 723 and 739), response to Defendants' motion to strike (Dkt. No. 742), and their argument on August 21, 2012.

In deciding whether to issue an injunction or stay pending an appeal, this Court considers: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.  *Hilton v. Braunskill*, 481 U.S. 770, 776-77 (1987) (noting that same standards generally apply, under Fed. R. Civ. Proc. 62(c), and Fed. R. App. Proc. 8(a)(1), for an injunction pending appeal); *see also Nelson v. Nat'l Aeronautics & Space Admin.*, 506 F.3d 713 (9th Cir. 2007) (motion for injunction pending appeal granted); *see also Pacific Coast Med. Enterprises v. Califano*, 440 F. Supp. 296, 310 (D.C. Cal. 1977) (granting plaintiff's motion for injunction pending appeal).

Plaintiffs' preliminary injunction motion sought, among other things, to enjoin § 2(B) based on additional claims and evidence beyond what the Supreme Court had before

it in *Arizona*.  Plaintiffs submitted additional evidence in this Court demonstrating that §
2(B) will extend detentions for immigration purposes, and therefore will be implemented
in precisely the manner that the Supreme Court deemed unconstitutional, at least absent a
definitive interpretation from the Arizona Supreme Court foreclosing such actions.
Plaintiffs explained that § 2(B) violates the Fourth Amendment and is preempted because
it will cause extended detentions.

Plaintiffs' motion also sought a preliminary injunction against § 2(B) based on their
Equal Protection Clause claim, setting forth extensive evidence in each of the categories
enumerated in *Village of Arlington Heights v. Metropolitan Housing Development
Corporation*, 429 U.S. 252 (1977), demonstrating that racial and national-origin
discrimination was a motivating factor in the enactment of § 2(B).  The Equal Protection
claim that Plaintiffs brought does not turn in any way on the manner in which § 2(B) is
interpreted.

This Court found that the Supreme Court's *Arizona* decision foreclosed all of the
claims Plaintiffs raised—preemption, Fourth Amendment, and Equal Protection—because
they are raised in a pre-enforcement context.  The Court reached this conclusion even
though the Supreme Court did not have before it any Fourth Amendment or Equal
Protection claims, or evidence demonstrating that the police would implement § 2(B) in
precisely the manner the Supreme Court found would be unconstitutional.  The Court also
rejected Plaintiffs' request that it certify the construction of § 2(B) to the Arizona Supreme
Court, stating that "[g]iven the [U.S.] Supreme Court's ruling, the Arizona Supreme Court
would be faced with the same issue that bars this Court's consideration of Plaintiffs' facial

challenges" and that the certification process "would not be productive of any answer that the [district court] does not already know."  September 5, 2012 Order denying, in part, Plaintiffs' Motion for Preliminary Injunction (Dkt. No. 757).

Plaintiffs respectfully submit that the Court's holding is erroneous.  Nothing in the text or reasoning of the Supreme Court's decision pretermits Plaintiffs' claims; indeed the Supreme Court decision leaves the door open to these claims.  Moreover, the Supreme Court's ruling could not have foreclosed Fourth Amendment and Equal Protection challenges because those issues were not before it, and such interpretation would read *Arizona* as an improper advisory opinion.  *See Golden v. Zwickler*, 394 U.S. 103, 108 (1969) ("[T]he federal courts established pursuant to Article III of the Constitution do not render advisory opinions.  For adjudication of constitutional issues 'concrete legal issues, presented in actual cases, not abstractions' are requisite.") (citation omitted, alteration in original); *Denver Area Educational Telecommunications Consortium, Inc. v. F.C.C.*, 518 U.S. 727, 756 (1996) (stating that the Court "cannot . . . decide . . . a matter not before [it]"); *Walls Industries, Inc. v. U.S.*, 958 F.2d 69, 71 (5th Cir. 1992) (recognizing that the Supreme Court cannot decide an issue that is not before it).  This is especially true for the Equal Protection claim, which does not turn on the manner in which § 2(B) is interpreted and applied.  And nothing in *Arizona* bars or renders pointless certification to the Arizona Supreme Court.

Plaintiffs satisfy the standard for an injunction pending appeal because they are likely to succeed on the merits of their claims as laid out above and because Latinos and other minorities will be irreparably injured by implementation of SB 1070 § 2(B).  In

contrast, any harm suffered by Defendants as a result of an injunction maintaining the status quo would be minimal.  The implementation of SB 1070 § 2(B) will improperly require Arizona state and local police officers to detain a person if they "reasonably suspect" that the person is "unlawfully present" in the United States—a mandate inconsistent with federal immigration policy and in violation of the protections of the Fourth Amendment.  Additionally, implementation of SB 1070 § 2(B) will require Arizona state and local police officers to implement a statute that will likely be found unconstitutional in violation of the Equal Protection Clause of the Constitution.

Because no harm will occur if § 2(B)'s implementation is delayed pending the appeal, Plaintiffs respectfully ask the Court to immediately enjoin the implementation of SB 1070 § 2(B).  Plaintiffs also respectfully request that the Court rule on this motion as expeditiously as possible based on the papers, without oral argument.  Plaintiffs attach a proposed Order.

DATED this 13th day of September 2012.

Respectfully submitted,

/s/ Nora A. Preciado
NATIONAL IMMIGRATION LAW CENTER

/s/ Omar Jadwat
AMERICAN CIVIL LIBERTIES UNION FOUNDATION IMMIGRANTS' RIGHTS PROJECT

/s/ Victor Viramontes
MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2012, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System which will send notification of such filing to all counsel of record.


                                                  /s/ Nora A. Preciado