IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Valle Del Sol, et al., | No. CV-10-01061-PHX-SRB |
| Plaintiffs, | **ORDER** |
| v. | |
| Michael B. Whiting, et al., | |
| Defendants. | |

The Court now considers Plaintiffs' Motion to Compel Robert Haney to Comply with Subpoena Duces Tecum ("MTC") (Doc. 1071) and Robert Haney's Cross-Motion to Stay Briefing on Non-Jurisdictional Issues ("Opp'n") (Doc. 1093).[1]

The Court has summarized the facts of this case in a previous Order, which is fully incorporated herein. (*See* Doc. 447, Oct. 8, 2010 Order at 1-4.) Mr. Robert Haney served as the Chairman of the Maricopa County Republican Committee from 2008 to 2012. (MTC at 1.) According to Plaintiffs, Mr. Haney was a "longtime and close political ally of former Senator Russell Pearce" and helped rally support from some Republicans in the Arizona Legislature for legislation that eventually became S.B. 1070. (*Id.*) Through a subpoena duces tecum served January 1, 2014, Plaintiffs sought evidence concerning communications Mr. Haney had with Arizona legislators and their staff regarding S.B. 1070, requiring responsive documents to be produced at the ACLU Foundation in Atlanta, Georgia. (*Id.*; Doc. 1071-2, Ex. A., Subpoena Duces Tecum to Robert Haney at

---

[1] Mr. Haney moved for the stay in the same filing as his Opposition to Plaintiffs' Motion to Compel.

1.) On January 28, Mr. Haney denied having any responsive documents. (Doc. 957, Robert Haney Letter (Jan. 28, 2014) at 1.) Plaintiffs later notified Mr. Haney that they believed he had records responsive to the subpoena duces tecum after obtaining "a significant number of emails" exchanged between Mr. Haney and certain Arizona legislators (including Senator Pearce) through a public records request. (Doc. 1071-2, Ex. C, Pls.' Letter to Robert Haney (Feb. 20, 2014) at 1-2.) On March 24, Mr. Haney, through counsel, objected to the subpoena duces tecum on several grounds, including that it improperly asked him to produce the documents in Atlanta, more than 100 miles from Phoenix—where he resided, was employed, or regularly transacted business; it was unduly burdensome because it required him to review thousands of personal emails when he was never employed by the Arizona Legislature; and it violated his First Amendment rights. (Doc. 1071-2, Ex. D, Robert Haney Objections (Mar. 24, 2014) at 1-4.) Mr. Haney never responded to an April 3 letter sent by Plaintiffs addressing the objections. (MTC at 3; Doc. 1071-2, Ex. E., Pls.' Letter to Robert Haney (Apr. 3, 2014).) Plaintiffs now move to compel the production of responsive documents to the subpoena duces tecum. (*See* MTC at 4-16.)

Federal Rule of Civil Procedure 34(c) grants parties the ability to seek the production of relevant, non-privileged documents from non-parties through a subpoena issued in accordance with Federal Rule of Civil Procedure 45. "A subpoena may command . . . production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A). "At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). Mr. Haney advances only one argument in opposing the Motion to Compel—that the Court lacks "jurisdiction" to enforce the subpoena duces tecum because it requested that responsive documents be produced in Atlanta, violating the

geographical limits under Federal Rule of Civil Procedure 45(c)(2)(A). (Opp'n at 2-6.)[2] Plaintiffs maintain that this or any other objection was untimely since Mr. Haney did not serve any objections within fourteen days of being served with the subpoena duces tecum. (MTC at 5-7); *see* Fed. R. Civ. P. 45(d)(2)(B) ("The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served."). Mr. Haney does not argue that he made timely objections or that there is good cause to excuse his failure to make timely objections, but contends that "[b]ecause the subpoena was facially deficient and of no force or effect, Plaintiffs cannot claim that [his] objection . . . was untimely." (Opp'n at 3 n.2.)

The Court rejects Mr. Haney's position that the Court lacks an unspecified type of jurisdiction. Because Mr. Haney lives in Phoenix and the subpoena constitutes an order of this Court, the Court unquestionably has personal jurisdiction over Mr. Haney and subject matter jurisdiction over the subpoena duces tecum. None of the authority cited by Mr. Haney supports his contention that a court lacks jurisdiction to enforce a subpoena issued in the district in which it sits. (*See* Opp'n at 2-3.) His position improperly conflates a jurisdictional analysis with the types of non-jurisdictional objections a party or non-party might have under Rule 45. There is ample authority indicating that "[j]urisdictional analysis is inappropriate for analyzing Rule 45," a rule that "responds to an entirely different set of concerns"—"the burden to the witness." *Regents of Univ. of Cal. v. Kohne*, 166 F.R.D. 463, 464 (S.D. Cal. 1996). This point is supported by the fact that numerous courts have compelled compliance with a subpoena duces tecum that required the production of documents more than 100 miles from where the recipient resided, worked, or regularly transacted business, analysis which would run counter to a

---

[2] Without citing any authority, Mr. Haney requested that the Court stay briefing on all "non-jurisdictional issues" raised in the Motion to Compel. (*Id.* at 6.) Mr. Haney should have made all his substantive arguments in his Opposition, and the Court agrees with Plaintiffs that Mr. Haney has waived any arguments he might have had concerning his other objections to the subpoena duces tecum. (Doc. 1101, Pls.' Reply in Supp. of MTC at 11); *see Pitts & Assocs., LLC v. Williams Indus. Servs., LLC*, No. CV-09-2697-PHX-FJM, 2010 WL 2231947, at *1 (D. Ariz. June 2, 2010). Nonetheless, the untimeliness of his objections to the subpoena duce tecum would have undermined any argument he might have otherwise made.

- 3 -

1 jurisdictional analysis. *See, e.g.*, *Walker v. Ctr. for Food Safety*, 667 F. Supp. 2d 133, 138
2 (D.D.C. 2009) ("Counsel's argument that the subpoena is invalid because it require[d the
3 subpoenaed party] to produce documents at a location well over the 100 mile limit . . .
4 also is flawed; the 100 mile limit applies to travel by a subpoenaed person, but a person
5 commanded to produce documents need not appear in person at the place of production
6 or inspection." (internal quotation marks omitted)); *Jett v. Penner*, No. S02-2036
7 GEBJFMP, 2007 WL 127790, at *2 (E.D. Cal. Jan. 12, 2007) (concluding that a
8 subpoenaed party "is not excused from compliance with the subpoena on the ground that"
9 the requested records are "located more than 100 miles from" the place they are to be
10 produced, because the subpoenaed records could simply be mailed or shipped).[3] If the
11 100-mile rule was jurisdictional, there would be limits on whether parties could stipulate
12 to procedures that departed from Rule 45(c) and would raise questions whether a court
13 could quash or modify a subpoena that transgressed the geographical limits found under
14 that rule. In sum, nothing in Rule 45 or elsewhere suggests that the rules for asserting
15 timely objections do not apply when the 100-mile rule is the basis for an objection. The
16 Court concludes that Mr. Haney has waived any objection to the subpoena duces tecum
17 on timeliness grounds and is ordered to produce responsive documents.

18  **IT IS ORDERED** granting Plaintiffs' Motion to Compel Robert Haney to
19 Comply with Subpoena Duces Tecum (Doc. 1071).
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /

---

[3] Because Plaintiffs' timeliness argument is dispositive, the Court does not need to reach the separate issue decided in these cases—whether a subpoena duces tecum requesting production at a location more than 100 miles from where a person resides, works, or regularly transacts business can comply with Rule 45(c)(2)(A) if no personal travel is required and the responsive documents can be provided through mail or other methods of delivery.

- 4 -

**IT IS FURTHER ORDERED** denying Robert Haney's Cross-Motion to Stay Briefing on Non-Jurisdictional Issues (Doc. 1093).

Dated this 22nd day of July, 2014.

_____
Susan R. Bolton
United States District Judge

- 5 -